## ALGOMA LUMBER CO. et al. v. FEDERAL TRADE COMMISSION.

### No. 6716.

Circuit Court of Appeals, Ninth Circuit.

March 7, 1932.

Warren Olney, Allan P. Matthew, Carl I. Wheat, and McCutchen, Olney, Mannon & Greene, all of San Francisco, Cal., for petitioners.

Robert E. Healy, Martin A. Morrison, Asst. Chief Counsel, and Eugene W. Burr, all of Washington, D. C., for respondent.

Before WILBUR and SAWTELLE, Circuit Judges.

WILBUR, Circuit Judge.

■ An ex parte order was made in this matter for the inclusion in the record to be certified by the Federal Trade Commission of a copy of the trial examiner's report upon the facts, and motion is made to amend the order by striking out the requirement that the report of the examiner should be included in the transcript. The statute upon the subject is in general terms (38 Stat. pp. 717, 720, § 5, 15 USCA § 45), and provides that the Commission shall file with the court "a transcript of the entire record in the proceeding, including all the testimony taken and the report and order of the commission." The statute also provides that the Commission after its hearing "shall make a report in writing in which it shall state its findings as to the facts," and further provides that the findings of the Commission as to the facts, if supported by the testimony, shall be conclusive, but either party may apply to the court for leave to adduce additional evidence. The Commission states in its application that its uniform practice has been to omit from its transcripts of proceedings the findings of the examiner, and that out of a total of 148 petitions to the various Circuit Courts of Appeals in only three have the examiner's reports been accepted by the Circuit Courts. The Commission contends that the findings of the examiner are no proper part of the record, and states, "In the present case the examiner's findings comprise 58 pages of mimeographed material and the exceptions thereto by the present petitioners cover 105 printed pages, while those by counsel for the Commission occupy 20 (mimeographic) pages." The petitioners who seek to review the order of the Commission maintain that the question as to whether or not the report of the examiner and proceedings with relation thereto shall be included in the record to be certified to the court by the Commission is a matter resting in the sound discretion of the court. This

we think is correct and in accordance with the rulings of the various courts. The petitioners in opposing the application for the amendment of the order so as to omit the requirement that the examiner's report be certified by the Commission frankly state their purpose in insisting upon that inclusion. That purpose, briefly stated, is that the report illustrates the fact that the Commission has neglected to consider matters which are involved as shown by the examiner's report, which have been brought to its attention. In short, although it is conceded that the examiner's report has no binding effect and that the ultimate decision of the facts rest with the Commission, it is insisted that the report will be a valuable addition to the record.

We are inclined to agree with the contention of the Federal Trade Commission that in the routine certification of its records to the courts it should not be required to certify the report of the examiner or the exceptions thereto unless such report and exceptions are referred to in the findings of the Commission and thereby adopted by it as its findings. It is stated, and there is no suggestion to the contrary, that in the present proceeding the findings of the Commission did not refer in any wise to the examiner's report. If upon the hearing of the matter before the court it seems desirable that any part of the record or proceedings before the Federal Trade Commission would be helpful in determining the cause, and such part of the record has not been certified it can be supplied upon the hearing or afterward by stipulation of counsel or certification by the Federal Trade Commission upon a supplemental order requiring that to be done. Usually, in such case there is no disagreement between counsel as to the terms of such an order. In the case at bar the purpose suggested by counsel can be covered by argument and by briefs without the actual presence of the examiner's report. We are not impressed that the report of the examiner would be of any assistance in coming to a conclusion in the matter, particularly where the contention is that it has been disregarded by the Commission.

The order will be amended by striking out the requirement that the Federal Trade Commission certify the report of the examiner or the objections thereto. If, on the hearing and argument, the matter seems to the court to be relevant and counsel cannot agree on the terms of the examiner's report, the court will make such supplemental order as seems proper. Congress has provided that "such proceedings in the circuit court of appeals shall be given preference over other cases pending therein, and shall be in every way expedited." It is in the interest of expedition that the uniform course of procedure adopted in the presentation of these records be followed, and we feel that the course usually adopted by the Commission of omitting the examiner's report in the transcript is the better practice to be followed unless upon the hearing of the matter the inclusion of the report for some reason appears necessary to correct the decision.

Motion granted.