## ARROW–HART & HEGEMAN ELECTRIC CO. v. FEDERAL TRADE COMMISSION.
### No. 183.

Circuit Court of Appeals, Second Circuit.
Jan. 30, 1933.

Charles Neave, of New York City, and Arthur L. Shipman, Charles Welles Gross, and Wallace W. Brown, all of Hartford, Conn., for petitioner.

Robert E. Healy, of Washington, D. C., Chief Counsel for Federal Trade Commission.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The respondent moves for an order striking from the petition the paragraphs thereof consisting of reference to and quotations from the trial examiner's report upon the facts. The petitioner moves that the respondent be ordered to certify to the court the trial examiner's report upon the facts with the petitioner's exception thereto, alleging that this is necessary to complete the record. The respondent has not certified to this court as part of the transcript of the record the trial examiner's report upon the facts or the petitioner's exceptions thereto, claiming that it is not properly part of the transcript under section 11 of the Clayton Act (38 Stat. 734, 15 USCA § 21).

Paragraphs 2 and 3 of Rule 21 of this court make reference to the filing of records by the Federal Trade Commission, and do not require the reports of the trial examiners or exceptions filed thereto to be printed. Nor does paragraph 4, Rule 13 of this court, so require. That section refers only to appeals and records from District Courts, and has no reference to certification of transcripts from the Federal Trade Commission. Such records are covered exclusively by Rule 21. The Commission's report referred to in the Clayton Act (38 Stat. 734) is its order, the testimony, and the pleadings. They are to be certified to this court when a review is sought by a petition for enforcement or a petition for review. But the statute contains no requirements that the trial examiner's report or the exceptions thereto be a part thereof. Such report seems to be prescribed by the rules of practice adopted by the Commission under the general statutory power. Federal Trade Commission Act, 38 Stat. 721, § 6 (g), 15 USCA § 46 (g). These reports are for the assistance of the Commission, and are kept in the files of the Commission for reference. The review and the findings thereon, the statute provides, are for the Commission and not the trial examiners. The reports of the trial examiners are not binding upon one charged with violation of the act. Indeed, the act does not require the Commission to employ examiners to proceed with hearings or to make reports; it authorizes the Commission to employ examiners among other officers. 38 Stat. 718, § 2, 15 USCA § 42. The statute authorizes such examiners to administer oaths and affirmations, examine witnesses, and receive evidence. 38 Stat. 722, § 9, 15 USCA § 49 (and notes) p. 283. This is not exclusive authority, but discretionary. We assume that the examiner's reports are used as of some assistance to the Commission, but the result or conclusions of the Commission, we must assume, are found in the findings adopted by it.

In the instant case, when the trial examiner's report on the facts was served upon counsel for the petitioner, it was accompanied by a letter signed by the trial examiner calling attention of counsel "to the fact that the enclosed report upon the facts represents only the views of the trial examiner and is not a decision of the Commission. The Commission's final action on the case will be had only after due consideration of the entire record, including exceptions, briefs and arguments."

It appears to have been the practice to omit such trial examiner's report from the records in proceedings before the Circuit Court of Appeals. See J. W. Kobi Co. v. Fed. Trade Comm. (October Term, 1926, C. C. A. 2) [1] where this court denied the petitioner's motion for an order requiring the Commission to certify to the court the report of the trial examiner and the exceptions thereto. See J. W. Kobi Co. v. Fed. Trade Comm. (C. C. A.) 23 F.(2d) 41. The First Circuit followed the practice in John Moir et al. v. Fed. Trade Comm. on October 14, 1925,[1] by striking out the trial examiner's report and the petitioner's exceptions. See John Moir et al. v. Fed. Trade Comm. (C. C. A.) 12 F.(2d) 22. The Seventh Circuit, on December 3, 1928, in Breakstone v. Fed. Trade Comm.,[1] for special reasons there assigned, declined to strike out the trial examiner's report and the exceptions thereto. In the instant case, the Commission's findings of fact make no reference directly or indirectly to the trial examiner's report. The Ninth Circuit, on March 7, 1932, granted a motion to strike out a requirement in an order that the Commission certify the report of the trial examiner, and held that the Commission should not be required so to certify the report of the examiner unless the report and exceptions are referred to in the findings of the Commission

---

[1] No opinion filed.

and thereby adopted by it as its findings. Algoma Lumber Co. v. Fed. Trade Comm., 56 F.(2d) 774.

The motion of the respondent will be granted, and the motion of the petitioner denied.