JOSEPH ROTHENBERG and Another, Respondents, *v.* THE WESTERN PACIFIC RAILROAD COMPANY, Appellant.

Fourth Department, June 29, 1923.

Corporations — foreign  corporations — motion  to  set  aside  service  of summons on foreign railroad corporation which operates no line in this State — service was made on assistant secretary residing in this State — executive committee of board of directors meets here, loans on behalf of corporation are made here and passenger and freight business is solicited here by resident agent — corporation is doing business in this State — service will not be set aside.

A railroad corporation which operates no lines in the State of New York is doing business in this State, and the service of a summons on an assistant secretary of the defendant at his office in this State in an action by a resident will not be set aside, since it appears that the executive committee of the board of directors, the majority of whom reside in this State, transacts business for the defendant here from time to time and its securities are bought and sold and loans in its behalf are made and repaid in this State, and it solicits passenger and freight business here through a duly authorized agent residing in this State.

CROUCH, J., dissents.

APPEAL by the defendant, The Western Pacific Railroad Company, from an order of the Supreme Court, made at the Erie

Special Term and entered in the office of the clerk of the county of Erie on the 24th day of May, 1922, denying its motion to set aside the service of the summons.

*Donovan & Goodyear* [*Frank G. Raichle* of counsel], for the appellant.

*Benjamin D. Reisman,* for the respondents.

CLARK, J.:

Defendant is a foreign corporation with its principal place of business in the city of San Francisco, Cal. It operates a railroad system, but none of its lines are located within the State of New York.

Plaintiffs are residents of Buffalo and engaged in business in that city. This action was brought to recover damages sustained by plaintiffs by reason of the alleged negligent handling and delaying of a shipment of grapes from California to plaintiffs at Buffalo, of which shipment defendant was the initial carrier.

The summons was served on the 24th day of March, 1922, at 43 Exchange Place, in the city of New York, on one S. C. Matthews, who is an assistant secretary and assistant treasurer of this defendant.

On the outer door of the office where said service was made appears the name " The Western Pacific Railroad Corporation," a holding company owning substantially all of the outstanding capital stock of this defendant.

The motion to set aside the service of the summons is based on the ground that defendant is a foreign corporation, and that at the time of the service of the summons it was not doing business within the State of New York to the extent which rendered it amenable to the service of process within this State.

The answering affidavits show that the person on whom the summons was served, S. C. Matthews, conversed with the process server before the service, and told him that he was an officer of defendant, its assistant secretary, and when the summons was handed to him he stated that it would be all right.

The " Official Guide of the Railways," published in the city of New York, basing its statements on information furnished by the various railroad companies, published in its issue of February 1, 1922, the names of the officers of the defendant with their business addresses. The name of S. C. Matthews, the person who was served with the summons in this case, appears on page 69 of said issue, and is designated as the assistant secretary of defendant, and his office address is designated as 43 Exchange Place, New York city, that being the address where service of the summons herein

was obtained, and that being his only designated business address published in said " Official Guide."

The record shows that defendant has an executive committee consisting of seven members of its board of directors, and that the majority of the members of the executive committee are residents of the city of New York; that when the directors are not in session the executive committee meets from time to time in that city and passes resolutions conferring power on the officers to transact the business of the company.

Moreover, from time to time securities are purchased and sold, loans made and repaid, and moneys paid out and received for defendant in the city of New York.

The general agent of the Denver and Rio Grande Western railroad in the city of New York, by virtue of an arrangement between that company and defendant, solicits traffic for defendant in New York city and vicinity and acts as its general agent in that territory in soliciting for it freight and passenger business, and has acted in that capacity since February, 1921.

To obtain this business he and those associated with him made personal visits to and had correspondence with shippers and consignees, giving them information as to rates and routes and pointing out the advantages of transportation over this defendant's route. At times this general agent issues bills of lading for defendant in an endeavor to have shippers and consignees use defendant's route for their shipments.

Moreover, this general agent, in his endeavor to obtain business for defendant, keeps in touch with the movements of shipments made over said route and advises shippers and consignees as to the progress of said shipments. In soliciting passenger business said general agent advises prospective passengers as to routes and rates, and procures through tickets for passengers going from New York to San Francisco or elsewhere on the Pacific coast, paying the full amount of charges through to destination to the ticket agent of the initial carrier which issues the transportation, part of which is over defendant's line.

In short this general agent and his assistants were regularly engaged in the city of New York in soliciting and obtaining passenger and freight business for the defendant prior to the service of the summons herein.

On these facts and all the facts presented in the record, I am of the opinion that defendant is, and at the time of the service of the summons was, doing business in this State to such extent as to make it subject to the jurisdiction of the courts of the State of New York. (*Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 266; Civ.

Prac. Act, § 229; *Cochran Box & Mfg. Co., Inc.,* v. *Monroe Binder Board Co.,* 197 App. Div. 221; affd., 232 N. Y. 503; *Pomeroy* v. *Hocking Valley R. Co.,* 218 id. 530; *International Harvester Co.* v. *Kentucky,* 234 U. S. 579.)

Precedents are not of primary importance in cases of this character, for each case must be determined on the facts in that particular case, to show whether or not a foreign corporation is doing business in this State. (*People's Tobacco Co.* v. *American Tobacco Co.,* 246 U. S. 79.)

The conceded fact that this defendant has an assistant secretary and treasurer in the city of New York in the person of said S. C. Matthews, the fact that in the " Official Guide of the Railways " his office address is designated as 43 Exchange Place, New York city, at which address service of the summons herein was obtained, the fact that the executive committee of defendant, made up of members of its board of directors, the majority of whom reside in New York, transacts its business there from time to time to the extent above indicated, and that its securities are bought and sold, loans in its behalf are made and repaid in New York, and passenger and freight business is solicited in its behalf by a duly authorized general agent located in said city, justifies the conclusion that at the time the summons was served herein defendant was doing business within this State in a substantial way, and that service of the summons on Mr. Matthews, its assistant secretary and treasurer, was a proper service.

The order, should be affirmed, with costs.

All concur, except CROUCH, J., who dissents.

Order affirmed, with ten dollars costs and disbursements.