420

## MACHER et al. v. FEDERAL TRADE COMMISSION.

### No. 167.

Circuit Court of Appeals, Second Circuit.

Feb. 26, 1942.

Edward E. Reichman, of New York City (Carb, Reichman & Luria and Sydney A. Luria, all of New York City, on the brief), for petitioners.

Joseph J. Smith, Jr., Asst. Chief Counsel, of Washington, D. C. (W. T. Kelley, Chief Counsel, and W. T. Chantland, James W. Nichol, and R. E. Schrimsher, Sp. Attys., all of Washington, D. C.), for respondent.

Before SWAN, AUGUSTUS N. HAND, and C. E. CLARK, Circuit Judges.

PER CURIAM.

Notwithstanding their claims in the petition to review, petitioners do not directly attack the Commission's basic finding—supported by quite credible testimony—that they had persisted in advertising themselves in catalogues, circulars, and customers' discount cards as wholesalers of jewelry, selling at wholesale prices, whereas actually their business and prices were retail. An order must therefore issue; and we are not disposed to make emendations in the one framed by the Commission in order possibly to soften the blow, but more probably to breed trouble by creating new ambiguities or at least illusory hopes in the petitioners' minds.

Petitioners are not wholesalers or jobbers and only deceive their customers as to their prices when they so claim. Nor is the phrase "industrial jobbers" less misleading, or saved by the fact that they look for their customers among industrial workers, with the help of industrial personnel offices. That they entered into a stipulation with the Commission a year earlier wherein their business was inadvertently described as "industrial jobbing" cannot protect them, for the stipulation by its terms was not to prevent proceedings in the event of fresh deception—even if we overlook the Commission's claims that the stipulation was not in evidence and that no law makes such an agreement into a formal order or res judicata.

The Commission, under the facts disclosed and put in issue by the complaint, was not required to add the words "when such is not the fact" to the order against claims of wholesaling. When and if petitioners bona fide enter upon a different form of business, they will not be restricted by an order directly applicable to a different situation; petitioners' persistence, notwithstanding even their stipulation, hardly indicates a need to anticipate that change. The ban on the representation that the business had continued for more than fifty years was also justified. Apart from the question whether petitioners could claim continuity, despite an intermediate bankruptcy, with a business originated by the father of one of them, it is patent that here they seek the mantle of an old *wholesale* house as part of the same scheme of deception. No objection is made to the order forbidding the sale of synthetic stones as real.

The order of the Commission is affirmed and an enforcement order of this Court will be entered.