WALLING, Administrator of Wage and Hour Division, United States Department of Labor, v. W. G. GOLEBIEWSKI, Inc.

District Court, W. D. New York.

Oct. 22, 1942.

Irving J. Levy, Acting Sol., and Mortimer B. Wolf, Asst. Sol., both of Washington, D. C., Arthur E. Reyman, Regional Atty., of New York City, and John E. Lynch, Asst. Atty., of Syracuse, N. Y., U. S. Department of Labor, for L. Metcalfe Walling, Administrator.

Edmund P. Radwan, of Buffalo, N. Y., for respondent.

KNIGHT, District Judge.

This is an application by the Administrator of the Wage and Hour Division, pursuant to Section 9 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for an order requiring the respondent to produce before the Administrator certain books and records. It appears, without contradiction, that the respondent has refused to produce certain books and records as directed in a subpoena duces tecum issued by the Administrator of the Wage and Hour Division, United States Department of Labor, and served on the Treasurer of the respondent on March 16, 1942. The respondent appears and moves to dismiss the application on nine several grounds. These will be considered in the order presented.

1. The petition purports to be verified by one of the attorneys for the Administrator. The objection is made that "there is no explanation for making a verification in such manner." "Such manner" is not described, save that it is stated that the Administrator is a different individual than the attorney. There is no merit in the objection. A verification was not necessary. See Rule 11 of the Rules of Civil Procedure and also Rule 1 id., 28 U.S.C.A. following section 723c.

2. It is objected that there is no certificate showing the authority of the Notary Public to take the affidavit of verification. There is nothing that requires such certificate under the situation shown here.

3. It is claimed that the petition does not properly make a true return of certain proceedings heretofore had before the Administrator. So far as this proceeding is concerned, it was not necessary to show what such proceedings were.

4. It is claimed that the petition and accompanying proofs do not set forth sufficiently the alleged violations by the respondent. There is no merit in this claim. The petition and supporting affidavit sufficiently specify the right to examine the books and records of the respondent in order to determine whether there has been any violation of the Fair Labor Standards Act.

5. It is claimed that the subpoena is defective because no witness fees were paid when served. There is no proof before me to show such fees were not paid. That is a sufficient answer now to this objection.

6. The subpoena was directed to the respondent. It was served upon the treasurer of the respondent. That was a sufficient service. It was not necessary that it be directed to the particular officer served, as respondent claims.

7. It appears that the Administrator prior to institution of this application had made some inspection of books and records of the respondent upon the respondent's premises. It is made clear that this

inspection was not completed and that at some time thereafter respondent denied the right to further inspection. Under these circumstances the petitioner is not foreclosed from making such examination as is reasonably necessary to carry out the purpose of the statute.

8. It is said that this proceeding "involves an investigation charging criminal violations by said corporation and thus a subpoena and procedure violates the Constitution * * *" in that herein it is sought to "compel the corporation to be a witness against itself." The purported applicable provisions of the Constitution are Article IV and V of the Amendments. It has been conclusively settled by the Supreme Court, as stated in Essgee Co. v. United States, 262 U.S. 151, 43 S.Ct. 514, 516, 67 L.Ed. 917, that corporations "do not enjoy the same immunity that individuals have, under the Fourth and Fifth Amendments, from being compelled by due and lawful process to produce them [books etc.] for examination by the state or Federal Government." There are numerous other decisions holding that corporations do not enjoy the same immunity as individuals have under these amendments as to the production of books and records for examination. Among these see Hale v. Henkel, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (cited by both parties); United States v. Invader Oil Corp., D.C., 5 F.2d 715, 717; Bilodeau v. United States, 9 Cir., 14 F.2d 582, 585; In re Bleecker, 2 Cir., 14 F.2d 1019. It is unnecessary to say, as urged by the Administrator, that the point is raised prematurely. The right in the petitioner to require the production of books and records as sought herein has been passed on adversely in Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208. That case is controlling in so far as the procedure here is concerned. See, also, Application of Holland (In re Standard Dredging Corp.,) D.C., 44 F.Supp. 601. As pointed out in these cases, we are not now called upon to determine the coverage of the Act. It is sufficient that the Administrator set forth in his application that there is reasonable cause to believe that there has been a violation. Such an allegation appears in this petition.

9. It is also claimed that the order to show cause herein has been improperly characterized as a "Civil Action." It makes no difference how the action has been characterized in its caption. The relevant thing is what the petition itself shows.

The motion to dismiss must be denied. The respondent is directed to produce the books, papers and records designated to be produced in the subpoena duces tecum aforesaid.