BOWLES, Price Administrator, v. BAY OF
NEW YORK COAL & SUPPLY
CORPORATION.

No. 25.

Circuit Court of Appeals, Second Circuit.

Dec. 11, 1945.

Stanley W. Schaefer, of New York City
(Haight, Griffin, Deming & Gardner, Maurice J. Smith, and Robert S. Coe, all of
New York City, on the brief), for respondent-appellant.

Nathan Siegel, Atty., Office of Price Administration, of Washington, D. C. (George
Moncharsh, Deputy Adm'r for Enforcement, Fleming James, Jr., Director, Litigation Division, and David London, Chief, Appellate Branch, all of Washington, D. C.,
and John Masterton, Regional Litigation
Atty., of New York City, on the brief), for
petitioner-appellee.

Before SWAN, CHASE, and CLARK,
Circuit Judges.

CLARK, Circuit Judge.

This appeal raises rather narrow issues
as to the power of the Price Administrator to issue a subpoena duces tecum which
the courts must enforce, under § 202 of
the Emergency Price Control Act of 1942,
50 U.S.C.A.Appendix, § 922, while he has
actions pending for statutory damages
against the recalcitrant dealer. The main
point made by respondent is that during
the pendency of such actions, all proceedings for discovery are subject to the provisions of the rules of civil procedure, under
which it has the advantage of opportunity
to apply to the court for various protective
orders. Federal Rules of Civil Procedure,
rules 26–37, 28 U.S.C.A. following section
723c. It asserts that the data sought are
exactly the data needed for petitioner's case
in the actions already brought—a contention not fully accepted by the Administrator, who asserts, in turn, that "an investiga-

tion for the purposes of the first suit would not be duplicative of an investigation required for another suit." But since we find no such restriction, as claimed by respondent, in the governing statute, we do not regard this difference of view important.

It appears to be agreed by both parties that the rules of civil procedure do not apply to restrict or control administrative subpoenas. This is quite settled; while resort may be had to the simplified practice under the rules to aid in expeditious adjudication of the issue wherever they are helpful, the various statutes granting the power of subpoena must control its limits. Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208, 227, affirmed Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Goodyear Tire & Rubber Co. v. National Labor Relations Board, 6 Cir., 122 F.2d 450, 136 A.L.R. 883; Advisory Committee Note to F.R.C.P. 45; Second Preliminary Draft of Proposed Amendments to Rules of Civil Procedure, May, 1945, 103, 106, 107; 3 Moore's Federal Practice 3085; 2 Fed. Rules Serv. 629. Here the statute is most broad, in terms authorizing the Administrator to obtain, by subpoena for documents or otherwise, "such information as he deems necessary or proper" to assist him in enforcing the act and regulations thereunder. 50 U.S.C.A.Appendix, § 922(a). Record-keeping requirements are the heart of price stabilization and control, Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, certiorari denied Glick Bros. Lumber Co. v. Bowles, 325 U.S. 877, 65 S.Ct. 1554; and the documents here sought are expressly required with respect to bituminous coal sold for direct use as bunker coal (i.e., respondent's business activities) by regulations issued July 27, 1942. Maximum Price Regulation No. 189, 7 F.R. 5831. The necessity of "prompt and effective use of the subpoena power" in administrative investigations has been stressed, Perkins v. Endicott Johnson Corp., supra, 2 Cir., 128 F.2d 208, 216; and we think it would be unduly hampering of the Administrator's duties to import a condition here against the broad terms of the statute. In all probability respondent would not obtain the protection or immunity it seeks through application to the court under the civil rules, but would

succeed only in delaying a proceeding already drawn out through the issue of successive subpoenas by the Administrator in an endeavor to meet respondent's various objections. Importing of such conditions has been specifically refused under this statute, Bowles v. Abendroth, 9 Cir., 151 F.2d 407, as well as in similar proceedings under other statutes. Bolich v. Rubel, 2 Cir., 67 F.2d 894; In re Paramount Publix Corp., 2 Cir., 82 F.2d 230, 233; In re Edge Ho Holding Corp., 256 N.Y. 374, 176 N.E. 537.

Respondent also objects that the subpoena was served on an assistant secretary of the corporation who claims lack of custody of the records, instead of upon the president, since it was directed to the corporation "by E. R. Clyma, President," and further that there was no tender of witness and mileage fees. But the subpoena was properly directed to the corporation itself, and hence was properly served. Wilson v. United States, 221 U.S. 361, 372, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D 558; McGarry v. Securities and Exchange Commission, 10 Cir., 147 F.2d 389, 391; Walling v. W. G. Golebiewski, Inc., D.C.N.D.N.Y., 47 F.Supp. 448, affirmed 2 Cir., 142 F.2d 1015; Rothenberg v. Western P. R. Co., 206 App. Div. 52, 200 N.Y.S. 428; Federal Rules of Civil Procedure, rule 4(d). As to the tender of fees, the subpoena itself bore notification that "If claim is made for witness fee or mileage, this subpoena should accompany voucher," which is in accord with district court practice where tender of fees is not required when the subpoena is issued on behalf of an officer or agency of the United States. Federal Rules of Civil Procedure, rule 45(c). Under the statute, subd. (f), 50 U.S.C.A.Appendix, § 922(f), witnesses are to be paid the fees "paid witnesses in the district courts of the United States." These objections "fall in the shadowy realm of technicalities" and "do not substantially affect constitutional rights." Shotkin v. Nelson, 10 Cir., 146 F.2d 402, 404.

Order affirmed.

CHASE, Circuit Judge (concurring).

Because the subpoena duces tecum may have served some purely administrative purpose, unconnected with the pending suit, I concur in the result.