**PORTER, Price Adm'r, v. MUELLER.**

**SAME v. BLEZNAK.**

**SAME v. HUGHES.**

**Nos. 9071–9073.**

Circuit Court of Appeals, Third Circuit.

Argued April 18, 1946.

Decided June 27, 1946.

William H. S. Wells, of Philadelphia, Pa. (Norman W. Harker, of Camden, N. J., and Walter Biddle Saul and Saul, Ewing, Remick & Saul, all of Philadelphia, Pa., on the brief), for appellants.

Nathan Siegel, of Washington, D. C. (George Moncharsh, Deputy Adm'r for Enforcement, Milton Klein, Director, Litigation Division, and David London, Chief, Appellate Branch, all of Office of Price Administration, all of Washington, D. C., and Kenneth V. Fisher, Regional Litigation Atty., Office of Price Administration, of New York City, on the brief), for appellee.

Before BIGGS and O'CONNELL, Circuit Judges, and GOURLEY, District Judge.

O'CONNELL, Circuit Judge.

Validity of an order of a District Court decreeing compliance with an administrative subpoena during the pendency of an injunction suit brought by the Price Administrator against the same respondent [1] is the question for our determination here.

On behalf of the respondents, it is argued that the District Judge erred for two reasons. The first assertion is that Congress did not intend to permit resort to administrative subpoena after the Price Administrator had started an action to enforce the Act against the person subjected to the subpoena. The second contention is that, irrespective of Congressional intent, granting of the order in this case violated the guaranty against unreasonable searches and seizures. U. S. Constitution, Fourth Amendment.

Respondents are dealers engaged in buying and selling lumber in New Jersey. Office of Price Administration regulations, applying to them, require the maintenance of such records and reports as the Administrator directs.[2] Objecting to their failure to maintain such records and reports, the Administrator on June 22, 1945, instituted actions in the District Court for injunctions restraining respondents from selling lumber until they had complied with the record-keeping regulations and directing them to comply. At the same time, application was made for preliminary injunctions. On July 27, 1945, the application was withdrawn because the lumber dealers agreed to maintain the appropriate records as required by the Price Administrator. On August 24, 1945, the Administrator attempted to inspect the records of the lumber dealers. He was denied access to them. On September 4, 1945, the Administrator issued the subpoena directing respondents to appear and produce their invoices pertaining to purchases and sales of hardwood flooring, softwood lumber and hardwood lumber for the month of April, 1945, as covered by the regulations.[3] On advice of counsel, respondents ignored the subpoena. The Administrator applied to the District Court for an order compelling compliance with the subpoenas. From the order of the District Court directing such compliance, this appeal is taken.

■ First. The statute authorizes the challenged exercise of the subpoena power.

Gist of the statutory intent argument in support of the appeal is that since an action for enforcement of the Act is pending, the administrative effort to procure records must be limited to the procedural technique provided for in the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. But we find no such limitation on the broad statutory authority. The Act provides,[4] "Section 202(a). The Administrator is authorized to make such studies and investigations, to conduct such hearings, and to obtain such information as he deems necessary or proper to assist him in prescribing any regulation or order under this Act, or in the administration and enforcement of this Act and regulations, orders, and price schedules thereunder. * * * Section 202(c). For the purpose of obtaining any information under subsection (a), the Administrator may by subpena require any other person to appear and testify or to appear and produce documents, or both, at any designated place." Section 202(e) authorizes application to the appropriate District Court for enforcement of the subpoena.[5]

---

[1] Actually, there are three appeals for our decision. In Number 9071, Arthur Mueller, individually and trading as Egg Harbor Lumber Co., is the appellant. In Number 9072, Louis M. Bleznak, trading as Holloway Lumber Company, is the appellant. In Number 9073, Carlton S. Hughes, Secretary, Kimball & Prince Lumber Co. (a corporation), is the appellant. The facts are substantially the same in all three cases with the exception that in two the appellants are individuals whereas in the third the appellant is an officer of a corporation. All were engaged in the lumber business in New Jersey. The District Court issued identical orders in the three cases. This opinion disposes of all three appeals.

[2] Sec. 202(b) of the Act, 50 U.S.C.A. Appendix, § 922(b).

[3] Second Revised Maximum Price Regulation 215, Sec. 17, (8 F.R. 14145); Maximum Price Regulation No. 467, Secs. 10, 12, (8 F.R. 12661).

[4] 50 U.S.C.A.Appendix, § 922(a), (c).

[5] See 50 U.S.C.A.Appendix, § 922(e).

Unless meaning is hidden, the statute plainly authorizes the order issued here. Limiting use of the subpoena to "investigations" occurring before suit is brought would effectively hamper enforcement of the Act. Before we so condition power Congress saw fit to grant without regard to pendency of actions against those subjected to the subpoena, more persuasive argument than that advanced here is required. We agree with the Second Circuit's view that no such limitation on the use of the subpoena appears in the language of the Act, or is to be implied from the existence of the Rules of Civil Procedure.[6] Bowles v. Bay of New York Coal & Supply Corp., 2 Cir., 1945, 152 F.2d 330;[7] cf. Bowles v. Abendroth, 9 Cir., 1945, 151 F.2d 407.

■ *Second.* The order of the District Court violates no constitutional rights of the respondents.

We deal here with no case of administrative agents swooping into offices and sweeping up records to be used in prosecutions. Actually no physical search and seizure occurred. Only the validity of an authorized judicial order is questioned. The subpoenas, requiring the respondents to appear and produce all invoices pertaining to purchases and sales of hardwood flooring, softwood lumber and hardwood lumber for the month of April, 1945, can hardly be labelled indefinite or too broad. The disclosure sought is reasonable. There is no violation of the Fourth Amendment. Oklahoma Press Publishing Co. v. Walling (News Printing Co., Inc., v. Walling), 66 S.Ct. 494. Nor is there a deprivation of the privilege against self-incrimination of the Fifth Amendment. As to the corporate respondent, such privilege does not exist. Oklahoma Press Publishing Co. v. Walling; News Printing Co., Inc., v. Walling, supra. The papers in question are considered public records required by law, Bowles v. Insel, 3 Cir., 1945, 148 F.2d 91, and thus the individual respondents may not rely on the

---

[6] In the Committee Note to Rule 45 governing subpoenas, it is stated that the rule "does not apply to the enforcement of subpoenas issued by administrative officers and commissions pursuant to statutory authority. * * * The enforcement of such subpoenas by the district courts is regulated by appropriate statutes."

[7] Judge Clark there stated, 152 F.2d at page 331, "* * * while resort may be had to the simplified practice under the rules to aid in expeditious adjudication of the issue wherever they are helpful, the various statutes granting the power of subpoena must control its limits. Perkins v. Endicott Johnson Corp. 2 Cir., 128 F.2d 208, 227, affirmed Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Goodyear Tire & Rubber Co. v. National Labor Relations Board, 6 Cir., 122 F.2d 450, 136 A.L.R. 883; Advisory Committee Note to F.R.C.P. 45; Second Preliminary Draft of Proposed Amendments to Rules of Civil Procedure, May 1945, 103, 106, 107; 3 Moore's Federal Practice 3085; 2 Fed. Rules Serv. 629. Here the statute is most broad, in terms authorizing the Administrator to obtain, by subpoena for documents or otherwise, 'such information as he deems necessary or proper' to assist him in enforcing the act and regulations thereunder. 50 U.S.C.A. Appendix, § 922(a). Record-keeping requirements are the heart of price stabilization and control, Bowles v. Glick Bros. Lumber Co., 9 Cir., 146 F.2d 566, certiorari denied Glick Bros. Lumber Co. v. Bowles, 325 U.S. 877, 65 S.Ct. 1554, [89 L.Ed. 1994]; and the documents here sought are expressly required with respect to bituminous coal sold for direct use as bunker coal (i.e., respondent's business activities) by regulations issued July 27, 1942. Maximum Price Regulation No. 189, 7 F.R. 5831. The necessity of 'prompt and effective use of the subpoena power' in administrative investigations has been stressed, Perkins v. Endicott Johnson Corp., supra, 2 Cir., 128 F.2d 208, 216; and we think it would be unduly hampering of the Administrator's duties to import a condition here against the broad terms of the statute. In all probability respondent would not obtain the protection or immunity it seeks through application to the court under the civil rules, but would succeed only in delaying a proceeding already drawn out through the issue of successive subpoenas by the Administrator in an endeavor to meet respondent's various objections. Importing of such conditions has been specifically refused under this statute, Bowles v. Abendroth, 9 Cir., 151 F.2d 407, as well as in similar proceedings under other statutes. Bolich v. Rubel, 2 Cir., 67 F.2d 894; In re Paramount Publix Corp., 2 Cir., 82 F.2d 230, 233; In re Edge Ho Holding Corp., 256 N.Y. 374, 176 N.E. 537."

privilege. See Wilson v. United States, 1911, 221 U.S. 361, 381, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558; cf. Davis v. United States, 66 S.Ct. 1256; Zap v. United States, 66 S.Ct. 1277; Cudmore v. Bowles, 1944, 79 U.S.App.D.C. 255, 145 F.2d 697, certiorari denied 1945, 324 U.S. 841, 65 S.Ct. 588, 89 L.Ed. 1403. Moreover, the Act specifically deals with the situation where privilege exists and is claimed. A party may be compelled to answer, but in return will obtain immunity.[8] No attack is here made on the constitutionality of this provision. Nor would such attack, if made, be sustained. Brown v. Walker, 1896, 161 U.S. 591, 16 S.Ct. 644, 40 L.Ed. 819; Interstate Commerce Commission v. Baird, 1904, 194 U.S. 25, 24 S.Ct. 563, 48 L.Ed. 860.

Affirmed.

---

[8] See Sec. 202(g) of the Act, 50 U.S. C.A.Appendix § 922(g): "No person shall be excused from complying with any requirements under this section because of his privilege against self-incrimination, but the immunity provisions of the Compulsory Testimony Act of February 11, 1893 (U.S.C. 1934 edition, title 49, sec. 46), shall apply with respect to any individual who specifically claims such privilege." It does not appear anywhere in the record that appellants claim this privilege.