DURKIN, Secretary of Labor, v.
FISHER.
No. 10791.

United States Court of Appeals
Seventh Circuit.

June 17, 1953.

Rehearing Denied July 13, 1953.

Jeter S. Ray, Acting Sol., Bessie Margolin, Asst. Sol., William A. Lowe, and David F. Babson, Jr., Attys., U. S. Dept. of Labor, Washington, D. C., and Herman Grant, Reg. Atty., Chicago, Ill., for petitioner.

Paul G. Fisher, pro se.

Before MAJOR, Chief Judge, SWAIM, Circuit Judge, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Respondent is the sole proprietor of the Fisher Pen Company, located in Chicago, Illinois. His business is that of production, sale and distribution of ball point pens and precision parts for the electronics industry. This appeal is from a decision of the District Court adjudging respondent in civil contempt of that court for failure to comply with its order directing respondent to produce certain of his business records, as required by a subpoena duces tecum issued pursuant to Sections 9 and 11(a) of the Fair Labor Standards Act, Title 29 U.S.C.A. §§ 209 and 211(a), and Section 9 of the Federal Trade Commission Act, Title 15 U.S.C.A. § 49.[1]

1. "§ 209. Attendance of witnesses

"For the purpose of any hearing or investigation provided for in sections 201-219 of this title, the provisions of sections 49 and 50 of Title 15, (relating to the attendance of witnesses and the production of books, papers, and documents), are made applicable to the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees.

\* \* \* \* \*

"§ 211. Investigations, inspections, and records

"(a) The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to sections 201-219 of this title, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of sections 201-219 of this title, or which may aid in the enforcement of the provision of sections 201-219 of this title. \* \* \* Except as provided in section 212 of this title and in subsection (b) of this section, the Administrator shall utilize the bureaus and divisions of the Department of Labor for all the investigations and inspections necessary under this section. Except as provided in section 212 of this title, the Administrator shall bring all actions under section 217 of this title to restrain violations of sections 201-219 of this title."

"§ 49. \* \* \*

"Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpoena issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any failure to obey such order of the court may be punished by such court as a contempt thereof.

\* \* \* \* \*

"No person shall be excused from attending and testifying or from producing documentary evidence before the commission or in obedience to the subpoena of the commission on the ground or for the reason that the testimony or evidence, documentary or otherwise, required of him may tend to criminate him or subject him to a penalty or forfeiture. But no natural person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter, or thing concerning which he may testify, or produce evidence, documentary or otherwise, before the commission in obedience to a subpoena issued by it: \* \* \*."

After some verbal skirmishing concerning a proposed examination of the books and records of respondent, the Regional Director of the Wage and Hour Division of the United States Department of Labor, on February 1, 1952, at the request of respondent, wrote a letter requesting permission to complete an investigation of his books and records, calling attention to the provision of Sections 9 and 11(a), supra, and asking respondent to reconsider his refusal to permit such investigation. On February 15, 1952, respondent answered the letter, asserting his desire to rest on the Fourth Amendment to the Constitution of the United States, he feeling the request improper inasmuch as no complaint was on record either by the Wage and Hour Division or any of his employees.

Thereafter on March 21, 1952, the Administrator issued a subpoena duces tecum requiring the respondent to appear and bring his wage-hour records before John W. Warsing or Gerald J. Mitchell, officers of the Wage and Hour and Public Contracts Divisions, on the 14th of April, 1952, at 10 a. m. On the day named Fisher appeared in person but did not produce the records designated, and has not since produced them.

On May 21, 1952, Application was filed in the District Court to compel compliance with the subpoena duces tecum. On the same day a show cause order issued out of the District Court, directing respondent to show cause on June 11, 1952, why an order should not issue directing the said respondent to appear before the petitioner and there produce the books, papers and documents and to give evidence as required by the subpoena duces tecum. On the 11th of June, 1952, the respondent appeared *pro se,* but did not produce the books and records and on June 27, 1952, the District Court by its order directed him to comply with the subpoena on the 28th of July, 1952, at his own place of business and "do everything which may be necessary to permit such investigation to be carried out in accordance with Section 11(a) of the Act." Respondent having failed to comply with this Order, a Petition, citing him for civil contempt was filed by the

United States Department of Labor on August 11, 1952, and on the same date a show cause order was entered against respondent requiring him to show cause by September 15, 1952. A hearing was had on this order on September 15 and on September 18, 1952, the Court entered an order committing Fisher to the custody of the Attorney General for civil contempt until he should purge himself of contempt by complying with the order of June 27, or until otherwise discharged by due course of law. Commitment was stayed pending the appeal.

Respondent (Appellant here) bottoms this review upon the assertion that the order of the District Court requiring him to produce certain records amounts to an invasion of his constitutional rights under the Fourth Amendment, U.S.C.A. Constitution, Amendment 4, and is, therefore void and of no effect. He did not appeal from this order, but has appealed from the order of September 18th, 1952, adjudging him guilty of contempt and directing that he be committed to the custody of the Attorney General until he should purge himself of contempt by producing the books and records specified in the order of June 27, 1952.

The Department contends that respondent cannot now challenge the constitutional validity of the order of June 27th, 1952, as he did not appeal from that order. We need not labor this question, as the order of June 27th is clearly valid under the numerous decisions of the Supreme Court of the United States and other courts. Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384; Shapiro v. United States, 335 U.S. 1, 68 S.Ct. 1375, 92 L.Ed. 1787; Endicott Johnson Corp. v. Perkins, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed 609; Davis v. United States, 328 U.S. 582, 66 S.Ct. 1256, 90 L.Ed. 1453.

Respondent also urges that the order to produce is invalid because not based on a showing of probable cause. This contention cannot prevail because the authority to compel respondent to produce the docu-

ments in question is encompassed in the Congressional Act and the legislation is upon a subject within the power of Congress. The record in the instant proceeding shows that the request upon respondent was reasonable as measured by the terms of the Act and as construed by the courts and in no sense burdensome.

Respondent's thesis is based upon the well grounded belief on his part that his own private records deserve exemption from the prying eyes of others, particularly when, as he asserts, none of his employees has made any complaint and all are satisfied with the terms of their employment as relates to hours and wages. He somewhat assumes the attitude of the soldier who, when pressed by various Draft Boards with questions as to his whereabouts and his employment, responded with the query "Who is trying to get his nose in my business now?" The writer of this opinion is in complete sympathy with respondent in this respect, but when it comes to overriding a legislative enactment that has been held constitutionally valid by our Supreme Court, we must part company with respondent in favor of constituted authority. Respondent believes, and we think sincerely, that the law in question, as enacted by Congress and interpreted by the Supreme Court is inimical to our democratic institutions, but we think he has chosen the wrong forum for presentation of his views.

The record here does not warrant a reversal of the judgment of the District Court finding respondent guilty of contempt and will, therefore, be affirmed.

Affirmed.