**FEDERAL TRADE COMMISSION,**
**Petitioner,**

v.

**HALLMARK, INC., a corporation, and Ben Cole, Vice President, Hallmark, Inc., Respondents.**

**No. 58C855.**

United States District Court
N. D. Illinois, E. D.
Sept. 11, 1958.

---

4. Underwood v. Maloney, supra.

Donald V. Steger, Chicago, Ill., Robert Tieken, U. S. Atty., Chicago, Ill., for petitioner.

Seymour Rady, Chicago, Ill., for respondents.

SULLIVAN, Chief Judge.

This is an application by the Federal Trade Commission (Title 15 U.S.C.A. § 49) for an order requiring respondents to comply with administrative subpoenas for the production of certain documents and for the testimony of a named individual.

Respondents have advanced three arguments in justification of their refusal to comply with the subpoenas.

■ It is first urged that a denial by the Commission of a motion before it to quash the subpoenas was a violation of Respondents' right to due process of law, since it was made without a formal hearing. The argument is without merit. There is nothing in the common law or the Administrative Procedures Act (Title 5 U.S.C.A. § 1001 et seq.) which indicates any right to or reason for a hearing in such a situation. Since the court, not the Commission, enforces the subpoenas, the motion in essence only asked the Commission to reconsider its decision to issue the subpoenas.

■ Respondents argue that the subpoenas were invalid because they were returnable before the attorney and examiner who was conducting the investigation rather than before an independent examiner. This question has been considered and determined favorably to the Commission in Federal Trade Commission v. Scientific Living, D.C.M.D.Pa. 1957, 150 F.Supp. 495. I agree with the result reached there, and the reasons given for it.

■■ It is next objected that certain of the requirements of the subpoenas are not relevant to the investigation being conducted. These for the most part have to do with documents relating to the computation of wholesale and retail prices, and invoices of sales. This information is relevant to an investigation of whether or not there has been fictitious pricing a matter into which the Commission may inquire (Thomas v. Federal Trade Commission, 10 Cir., 1940, 116 F.2d 347). Nor does the fact that "trade secrets" (customer lists) might be involved alter the conclusion, since this is a private procedure and the contents of the documents will not be published

by the Commission (Federal Trade Commission v. Tuttle, 2 Cir., 1957, 244 F.2d 605) (certiorari denied, 1957, 354 U.S. 925, 77 S.Ct. 1379, 1 L.Ed.2d 1436).

An order will be entered requiring the Respondents to comply with the subpoenas here questioned.