**Application to Enforce an Administrative Subpoena Duces Tecum of the FEDERAL TRADE COMMISSION, Petitioner,**

v.

**WALTHAM WATCH COMPANY, a corporation, Respondent.**

United States District Court
S. D. New York.
Jan. 13, 1959.

**616**

John W. Carter, Jr., Acting Asst. Gen. Counsel, Washington, D. C., Carleton A. Harkrader, Washington, D. C., for Federal Trade Commission.

Paul W. Williams, U. S. Atty., for the Southern District of New York, New York City, for petitioner.

B. Paul Noble, Washington, D. C., Irving Stolz, New York City, for respondent.

FREDERICK van PELT BRYAN, District Judge.

This is an application by the Federal Trade Commission, pursuant to Section 9 of the Federal Trade Commission Act, 15 U.S.C.A. § 49, to enforce an administrative subpoena duces tecum issued by the Commission and served upon the respondent.

The subpoena, issued on April 24, 1958 and served on April 28, required the respondent Waltham to appear before "Miss Charlotte Maskey, Attorney and Examiner for the Federal Trade Commission at Room 511C, United States Court House, Foley Square, in the City of New York, New York, on the 8th day of May, 1958 * * * to testify in connection with the F. T. C.'s investigation (No. 5823282) to determine whether or not Waltham Watch Company has been using false and misleading advertising or has engaged in other deceptive acts or practices violative of Section 5 of the F. T. C. Act (15 U.S.C.A. § 45) in connection with the sale or offering for sale of watches". It was issued after a request by letter for the data sought had proved ineffective.

The subpoena contained seven specifications of books, papers and documents to be produced which may be roughly classified as follows:

(1) Advertising and sales promotional material; (2) price lists, tags, tickets, labels, bulletins and directives; (3) specimen copies of guarantees on watches and correspondence and records relating to Waltham's performance of such guarantees; (4) diagrams, reports and other records describing the functioning, performance and construction of watches represented by Waltham as "shockproof", "shock-protected", "waterproof" or "water-protected"; (5) diagrams and specifications as to the composition of watch cases and records of tests disclosing such composition; (6) invoices and other records showing sales of watches and net sales prices to customers; and (7) contracts and agreements between Waltham and Hallmark, Inc.

All specifications except 6 cover the period July 1, 1957 through March 31, 1958. Specification 6 covers the period December 1, 1957 through January 31, 1958.

On May 5, 1958 Waltham filed with the Commission a motion to quash the subpoena. The Commission denied the mo-

tion on May 7, 1958 without hearing or argument.

On May 8, 1958 Waltham appeared by attorney before Examiner Maskey and stated on the record that it refused to comply with the subpoena upon the same grounds on which it now resists its enforcement. As a result the Commission petitioned this court for an order of enforcement.

The Federal Trade Commission Act confers broad powers on the Commission to prevent unfair and deceptive acts and practices in Interstate Commerce which are made unlawful. Section 5, 15 U.S.C.A. § 45(a). In the exercise of its powers the Commission "may, by one or more of its members, or by such examiners as it may designate, prosecute any inquiry necessary to its duties in any part of the United States". Section 3, 15 U.S.C.A. § 43. It has power "to gather and compile information concerning, and to investigate from time to time the organization, business, conduct, practices, and management of any corporation engaged in commerce * * *". Section 6, 15 U.S.C.A. § 46.

The Commission is given the authority to require, by compulsory process, the attendance and testimony of witnesses relating to any matter under investigation. The Commission, or its agents, have the "right to copy any documentary evidence of any corporation being investigated or proceeded against" and may "require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation". Section 9, 15 U.S.C.A. § 49.

In the event of disobedience to a subpoena the Commission is authorized to apply to the United States Courts for its enforcement (Section 9, 15 U.S.C.A. § 49) as it has done here.

The Commission asserts that the subpoena duces tecum directed to Waltham was fully authorized by the Act, was properly issued in pursuance of an in-vestigation which it was lawfully empowered to conduct, calls for production of adequately specified documents relevant to such inquiry, and that therefore it should be enforced by the court. See Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 66 S.Ct. 494, 90 L.Ed. 614; United States v. Morton Salt Co., 338 U.S. 632, 70 S.Ct. 357, 94 L.Ed. 401; Federal Trade Commission v. Crafts, 355 U.S. 9, 78 S.Ct. 33, 2 L.Ed.2d 23, reversing Crafts v. Federal Trade Commission, 9 Cir., 244 F.2d 882; Federal Trade Commission v. Scientific Living, Inc., D.C.M.D.Pa., 150 F.Supp. 495, appeal dismissed August 12, 1957, Id., 3 Cir., 254 F.2d 598, certiorari denied 358 U.S. 940, 79 S.Ct. 98; Federal Trade Commission v. Hallmark, Inc., D.C.N.D.Ill., 170 F.Supp. 24.

Waltham, on the other hand, urges that the subpoena is invalid and should not be enforced for four separate reasons each of which bears some discussion.

■ 1. Waltham contends that the subpoena served upon it is invalid because it was made returnable before the representative of the Commission investigating the alleged violations referred to in the subpoena and not before an independent hearing examiner as defined by the Administrative Procedure Act.

This contention fails to recognize the distinction between the investigative and adjudicative functions of the Commission.

The Administrative Procedure Act deals only with adjudicative and rule-making [1] proceedings before an administrative agency. Adjudication is defined by Section 2(d) of the Act (5 U.S.C.A. § 1001(d)) as "agency process for the formulation of an order". " 'Order' means the whole or any part of the final disposition * * * of an agency in any matter other than rule making but including licensing".

In an adjudicative proceeding all testimony relating to the matters in issue must be taken by an independent hearing examiner who shall not be "responsible to or subject to the supervision or direc-

---

1. "Rule-making", of course, is not involved here.

tion of any officer, employee, or agent engaged in the performance of investigative or prosecuting functions for any agency". Administrative Procedure Act, § 5(c) (5 U.S.C.A. § 1004(c)). But the Administrative Procedure Act, while imposing strict requirements for independence on the hearing officer in the case of an adjudicative proceeding, itself recognizes the different nature of the investigative function.

■ The Federal Trade Commission has both adjudicative and investigative powers. Cf. Section 5(b) and Section 6 of the Federal Trade Commission Act (15 U.S.C.A. §§ 45(b), 46). The investigation of the "business, conduct, practices, and management of any corporation engaged in commerce" by the Commission is expressly authorized. Federal Trade Commission Act, § 6(a) (15 U.S. C.A. § 46(a)). In aid of such investigation the Commission or its agents may copy any documentary evidence of "any corporation being investigated" and may subpoena documentary evidence "relating to any matter under investigation". Federal Trade Commission Act, § 9 (15 U.S.C.A. § 49).

The subpoena which the Commission seeks to enforce in this proceeding was issued in the course of an investigation by the Commission as to possible violations of Section 5 by Waltham and so states on its face. The investigation is for the purpose of determining whether or not facts exist upon which an adjudicative proceeding, as defined by the Administrative Procedure Act, and contemplated by Section 5(b) of the Federal Trade Commission Act, should be commenced by the filing of a complaint. An investigation does not lead to the issuance of a cease and desist order, nor is it a part of any final disposition of the rights or duties of the respondents. It may well be that the investigation will

disclose that there are no facts which would justify the filing of a complaint.

The investigation being conducted of Waltham is not in any sense an adjudicative or adversary proceeding as defined by the Administrative Procedure Act or as contemplated in the Federal Trade Commission Act which requires the taking of testimony by an independent hearing examiner. Such a requirement is in no way applicable to the present investigation.

■ The argument made by Waltham that Section 9 of the Federal Trade Commission Act, by providing that "members and *examiners* of the commission may administer oaths and affirmations, examine witnesses, and receive evidence" requires that subpoenas must be returnable before an independent hearing examiner, has no substance. Miss Maskey, before whom the subpoena is returnable, is an examiner of the Commission as well as its representative. There is no limitation in Section 9 on the use of an examiner to conduct an investigation, nor need an examiner be appointed as "an independent hearing examiner" in order to do so. In fact, to so construe the word "examiner" would nullify the first part of Section 9 which provides that "the commission, or its duly authorized agent or agents, shall * * * have access to, for the purpose of examination, * * * any documentary evidence of any corporation being investigated or proceeded against. * * *" Congress manifested no intention so to circumscribe the broad investigative powers which it granted to the Commission.

Moreover, the action taken by the Commission in making the subpoena returnable before the investigating examiner is in strict compliance with its Rules of Practice, Procedures and Organization which spell out in detail the procedure to be followed. (§§ 1.31–1.35.)[2]

---

2. "§ 1.31 *Investigational policy.* The Commission encourages voluntary cooperation in its investigations where such can be effected without undue delay or without prejudice to the public interest. The Commission may, in any mat-

ter under investigation, invoke any or all of the compulsory processes authorized by law."

"§ 1.32 *By whom conducted.* Inquiries and investigations are conducted, under the various statutes administered

The comprehensive opinion of Chief Judge Murphy of the Middle District of Pennsylvania in Federal Trade Commission v. Scientific Living, Inc., supra, and the numerous authorities there cited, make it abundantly clear that there is no merit to petitioner's contention. See, also, Federal Trade Commission v. Hallmark, Inc., supra. Cf. Oklahoma Press Publishing Co. v. Walling, supra; Durkin v. Fisher, 7 Cir., 204 F.2d 930, certiorari denied 346 U.S. 897, 74 S.Ct. 220, 98 L.Ed. 398, rehearing denied 346 U.S. 928, 74 S.Ct. 307, 98 L.Ed. 420; Porter v. Mueller, 3 Cir., 156 F.2d 278, 280; Federal Communications Commission v. Pottsville Broadcasting Co., 309 U.S. 134, 142–144, 60 S.Ct. 437, 84 L.Ed. 656; Cudahy Packing Co. of Louisiana v. Holland, 315 U.S. 357, 365, 788, 62 S.Ct. 651, 86 L.Ed. 895; Morgan v. United States, 298 U.S. 468, 481, 56 S.Ct. 906, 80 L.Ed. 1288.

■ 2. A related contention is that the subpoena served upon Waltham, purportedly issued in aid of a Commission investigation,[3] is in fact being used improperly to obtain additional evidence to support an adjudicative proceeding which is pending against it before the Commission. It is urged that such use of an investigative subpoena is in violation of the Administrative Procedure Act, 5 U.S. C.A. § 1001 et seq., and of constitutional due process.

On October 23, 1957 an adjudicative proceeding was commenced before the Commission by the filing of a complaint which charged Waltham and certain of its officers with specific violations of Section 5 of the Federal Trade Commission Act.[4] The violations charged were that respondents had engaged in unfair and deceptive practices in the sale of watches involving representations as to the number of jewels in such watches, the genuineness of certain of the jewels and the place of manufacture of the watches.

A commission hearing examiner was appointed to take testimony and receive evidence in the proceeding which was pending at the time the subpoena was served.

The investigation being conducted "to determine whether or not Waltham Watch Company has been using false and misleading advertising or has engaged in

by the Commission, by Commission representatives designated and duly authorized for the purpose. Such representatives are authorized to exercise and perform the duties of their office in accordance with the laws of the United States and the regulations of the Commission, including the administration of oaths and affirmations, in any matter under investigation by the Commission."

"§ 1.33 *Notification of purpose.* Any party under investigation compelled to furnish information or documentary evidence shall be advised with respect to the purpose and scope of the investigation."

"§ 1.34 *Investigational hearings.* (a) Investigational hearings, as distinguished from hearings in adjudicative proceedings, may be conducted in the course of any investigation undertaken by the Commission, including inquiries initiated for the purpose of determining whether or not a respondent is complying with an order of the Commission or the manner in which decrees in suits brought by the United States under the antitrust acts are being carried out and cases referred by the courts to the Commission as a master in chancery.

(b) Investigational hearings may be held before the Commission, one or more of its members, or a duly designated representative, for the purpose of hearing the testimony of witnesses and receiving documents and other data relating to any subject under investigation. Such hearings shall be stenographically reported and a transcript thereof shall be made a part of the record of the investigation."

"§ 1.35 *Investigational subpoenas.* The Commission may issue a subpoena directing the person named therein to appear before a designated representative at a designated time and place to testify or to produce documentary evidence relating to any matter under investigation, or both. Subpoenas shall be served in the manner provided in § 3.4 of this chapter."

3. F.T.C. File No. 5823282.
4. F.T.C. Docket No. 6914.

other deceptive acts or practices violative of Section 5" does not necessarily embrace the same subject matter as the pending adjudicative proceeding.

Some of the specifications of the subpoena relate to material which does not appear to be relevant to that proceeding in any way, for example, specification 4 relating to shockproof and waterproof watches and specification 5 relating to the metal composition of watch cases. On the other hand specifications 2 relating to pricing bulletins and directives, 6 relating to sales prices and 1 relating to advertising and sales promotional material may well deal with matters some of which bear a relationship to the violations which are presently being adjudicated.

But assuming this to be so, there is nothing in the Federal Trade Commission Act which limits or circumscribes the investigatory functions of the Commission during the course of an adjudicative proceeding. Nor is there anything in the Administrative Procedure Act which so provides.

The broad powers of investigation granted to the Commission by Congress, which embrace all unfair or deceptive practices of a corporation engaged in interstate commerce, should not be held in abeyance merely because complaints charging specific and limited violations have been filed against it. Such a theory would leave the corporation free, once it had been charged with a violation, to engage in unchecked violations of the Act in other directions until the pending proceeding was finally disposed of.

In Bowles v. Bay of New York Coal & Supply Corp., 2 Cir., 152 F.2d 330, it was argued that an administrative agency should not be permitted to issue an investigative subpoena during the course of a suit by it against the person subpoenaed. The contention was that only discovery proceedings under the Federal Rules of Civil Procedure, 28 U.S.C.A. should be permitted in such cases and the investigative powers of the administrative agency with respect to matters which might be related to the suit should be suspended. The court rejected this argument and held (at page 331 that):

> "* * * the various statutes granting the power of subpoena must control its limits * * *. The necessity of 'prompt and effective use of the subpoena power' in administrative investigations has been stressed, Perkins v. Endicott Johnson Corp., supra, 2 Cir., 128 F.2d 208, 216; and we think it would be unduly hampering of the Administrator's duties to import a condition here against the broad terms of the statute * * *."

See, also, Bolich v. Rubel, 2 Cir., 67 F.2d 894; Bowles v. Abendroth, 9 Cir., 151 F.2d 407; Porter v. Mueller, supra.

There is no basis here for limiting the broad powers of investigation which Congress saw fit to grant to the Federal Trade Commission by importing a condition that it may not conduct such investigations as it deems necessary even though such investigations may cover ground which is already the subject matter of an adjudicative proceeding.

3. Waltham's contention that the denial by the Commission of its motion to quash the subpoena constitutes denial of administrative due process because it was not granted a hearing or argument on its motion merits little discussion.

There is no requirement in the Administrative Procedure Act, the Federal Trade Commission Act, or otherwise, that a hearing must be granted on a motion to quash an investigatory subpoena issued by an administrative agency. Nor do the rules of the Federal Trade Commission require a hearing in such cases.

Of course there can be no denial of constitutional due process by the failure of the Commission to grant a hearing on the motion to quash. The subpoena is enforcible only on application to the court and the respondent is entitled to a full hearing there. See Federal Communications Commission v. W J R, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353; Sun Oil

Company v. Federal Power Commission, 5 Cir., 256 F.2d 233.

■ There is equal lack of merit in the contention that the motion was denied by the Secretary of the Commission rather than by the Commission itself. The order denying the motion to quash was issued by the Commission and signed by its secretary in strict conformity with Section 5 of the Commission's rules which provides that "all orders of the Commission are signed by the secretary".

■ 4. Finally, Waltham contends that specifications 2, 6 and 7 of the subpoena should not be enforced because the documentary material sought is irrelevant and immaterial to the investigation being conducted and concerns matters beyond the scope of the Commission's regulatory power.

Specification 2 calls for the production of price lists, price tags, tickets and labels, and bulletins and directives relating to the practices of Waltham in pricing its watches at wholesale and retail. Specification 6 concerns invoices, purchase orders, credit memoranda and other records relating to sales of watches and respective net sales prices. Specification 7, which relates to contracts between Waltham and Hallmark, Inc. is said by respondents to represent "the crystallization of demand expressed in paragraph 6" of the Commission's earlier request asking for shipping and billing invoices, and therefore apparently also relates to sales practices.

All of these matters seem to me to be plainly relevant to an investigation as to whether Waltham "has been using false and misleading advertising or has engaged in other deceptive acts or practices" in the sale of watches in violation of Section 5 of the Federal Trade Commission Act. They bear on such questions as whether or not fictitious prices were charged, how the watches were represented and described, what representations were made in connection with their distribution, and what information Waltham is placing in the channels of commerce which might mislead the public as to the customary selling price of its watches. Moreover, the material would aid in a determination as to whether Waltham, as it claims, sells only to wholesalers or whether distributors holding themselves out as wholesalers are actually retailers. Cf. Macher v. Federal Trade Commission, 2 Cir., 126 F.2d 420.

This is all within the scope of the power granted to the Commission by Congress to prevent the use of "unfair or deceptive acts or practices" in interstate commerce. Section 5, Federal Trade Commission Act. The subpoena fully meets the tests of Oklahoma Press Publishing Co. v. Walling, supra, since it is authorized by Congress, is issued for a purpose which Congress may authorize, and the documents sought are relevant to the authorized inquiry.

Waltham's reliance on such cases as Federal Trade Commission v. American Tobacco Co., 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696 and Federal Trade Commission v. Baltimore Grain Co., D.C.Md., 284 F. 886, is misplaced. The Commission seeks no such unlimited right of access to Waltham's papers as was sought in such cases and the subpoena is not a general warrant to roam at will through the papers, the books and the records of the respondent corporation "in the hope that something may turn up". The documents are adequately specified and there is nothing to indicate that the burden of producing them is in any way unreasonable.

■ Moreover, even if, as Waltham claims, some of the specifications deal with matter which may contain so-called trade secrets, that is no reason for refusing their production. Federal Trade Commission v. Tuttle, 2 Cir., 244 F.2d 605, certiorari denied 354 U.S. 925, 77 S.Ct. 1379, 1 L.Ed.2d 1436.

The petition of the Commission to enforce the subpoena will therefore be granted and an order will be entered on notice requiring the respondent Waltham to comply therewith.