**FLEMING v. EASTON PUB. CO.**

**SAME v. PLAIN DEALER PUB. CO.**

Nos. M-936, M-935.

District Court, E. D. Pennsylvania.
March 19, 1941.

Gerard D. Reilly, Sol. Dept. of Labor, Irving J. Levy, Ass't. Sol. Dept. of Labor, and Vernon C. Stoneman, Senior Atty., Dept. of Labor, all of Washington, D. C., John M. Gallagher, Regional Atty. Wage Hour Division, of Philadelphia, Pa., and Robert Erdahl, Principal Wage Hour Division, and David Persinger, Atty. Wage Hour Division, both of Washington, D. C., for plaintiffs.

Elisha Hanson, of Washington, D. C., George F. Coffin, Jr., of Easton, Pa., and H. P. McFadden, of Bethlehem, Pa., for defendants.

GANEY, District Judge.

Philip B. Fleming, Administrator of the Wage and Hour Division, made application by petition for a rule to show cause why the Easton Publishing Company and the Plain Dealer Publishing Company, Inc., should not produce certain documents and records of their employees to certain inspectors of the Wage and Hour Division of the Department of Labor, designated by the Regional Director for the Wage and Hour Division. A motion to dismiss was filed by counsel for both respondents and without waiving any rights with respect thereto in order that the court may have the whole matter under consideration, the averments under the petition for the rule were answered by both respondents.

The allegations in the petitioner's applications for a rule to show cause are substantially identical except in Paragraph 6 of the application with respect to the Plain Dealer Publishing Company, Inc., it avers that one Joseph Landow, a representative of the Administrator of the Wage and Hour Division, had reasonable grounds to believe that the Company was violating certain sections of the Fair Labor Standards Act of 1938, Title 29, U.S.C.A. § 201 et seq., and in the application with respect to the Easton Publishing Company, it avers that the Administrator had reasonable grounds to believe the Company was violating the Act. Accordingly, with these minor exceptions, since the questions raised by the respondents' motion to dismiss and the answer of the respondents to the petitioner's application concern themselves wholly with the same questions and since the actions both in oral argument and in the brief are treated as one, we will so consider them here.

Briefly, the petitioner avers that on April 2, 1940, Joseph Landow, an Inspector of the Wage and Hour Division of the Department of Labor, pursuant to instructions of his superior, visited the offices of each respondent and requested the right to make an inspection of their records as provided in Section 11 (a) of the Fair Labor Standards Act; that the companies refused to permit him to make an inspection; that Frank J. Dorsey, Regional Director of the Wage and Hour Division at Philadelphia, under power delegated to him by the Administrator on June 18, 1940 issued a written order of investigation for each company and designated his representatives, among whom was Robert M. Anderson, for the purpose of making the investigation; that pursuant to the making of the investigation, Robert M. Anderson caused to be issued and served a subpoena duces tecum, upon respective officers of each respondent, pursuant to the authority conferred in the order of the Regional Director aforesaid; that said subpoena duces tecum fixed the time for hearing as June 21, 1940 and set forth the production of certain specific books, papers, documents and records to be produced on that date; that each of the respondents failed to appear at the time designated in the subpoena and the inspectors who were present for the hearing were advised by letter by counsel for the respondents, that the respondents would not appear as the subpoena violated certain constitutional rights.

On August 13, 1940 the Administrator, Philip B. Fleming, made application for an order on the respondents to show cause on or before the 28th of August, 1940 why the respondents should not make production of the books and records applied for in the subpoena. To this a motion to dismiss was filed by the respondents averring that (1) the Administrator, Philip B. Fleming, lacked jurisdiction under the statute since under Sections 4 and 9 thereof, he was prohibited from bringing action and (2) that the purported subpoena duces tecum was a nullity without warrant or authority of law, and was not issued or served by the petitioner as required by the statute.

The questions raised under the motion to dismiss will be disposed of separately, the

first being the alleged lack of jurisdiction on the part of the Administrator.

The subpoena here concerns itself with the proposed inspection of the respondents' books and other records as provided in Section 11 (a) of the Fair Labor Standards Act, as it is averred in the petitions that there was reasonable grounds to believe that the companies had been violating provisions of Sections 7, 11(c), 15(a) (1), 15(a) (5), respectively, of the Act. That Congress, in the public interest, has the power to regulate and supervise the conduct of any particular business under the commerce clause, Const. art. 1, § 8, cl. 3, and that an administrative agency may be authorized to inspect books and records regardless of whether there is any pre-existing probable cause for believing that there has been a violation of the law, can no longer be doubted. Fleming v. Montgomery Ward & Co., 7 Cir., 114 F.2d 384.

For the purpose of any hearing or investigation as provided for in Section 11 of the Act, Section 9 thereof makes applicable the provisions of Sections 9 and 10, relating to the attendance of witnesses and the production of books, papers and documents, of the Federal Trade Commission Act of September 26, 1914, as amended, U.S.C.A. Title 15, §§ 49 and 50, to the jurisdiction, powers, and duties of the Administrator. Section 9 of the Federal Trade Commission Act, after giving the Commission or its agents the right to examine any documentary evidence of a corporation being investigated or proceeded against, says in Paragraph 2 thereof: "Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpœna the commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence". In paragraph 3 thereof: "Any of the district courts of the United States within the jurisdiction of which such inquiry is carried on may, in case of contumacy or refusal to obey a subpœna issued to any corporation or other person, issue an order requiring such corporation or other person to appear before the commission, or to produce documentary evidence if so ordered, or to give evidence touching the matter in question; and any

failure to obey such order of the court may be punished by such court as a contempt thereof".

It is very definitely and plainly stated here therefore that the Administrator by or through his counsel may invoke the aid of a district court upon a failure to obey a subpoena. However, the respondents make claim that the fourth paragraph of Section 9, supra, is controlling of the action here and that the Administrator had no standing in this action by reason thereof. This paragraph is as follows: "Upon the application of the Attorney General of the United States, at the request of the commission, the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person or corporation to comply with the provisions of this subdivision of this chapter or any order of the commission made in pursuance thereof".

It seems obvious that the most that can be said of this provision is that it affords to the Administrator an alternative method of forcing compliance with an administrative subpoena, and that it does not abolish the provisions immediately preceding it, which expressly authorize such action as was here taken. Furthermore, the word "order" as used in this paragraph may have referred solely to the "order of the commission" as it was held in Chamber of Commerce of Minneapolis et al. v. Federal Trade Commission et al., 8 Cir., 280 F. 45 at page 48, that the orders referred to in this paragraph were those involved in paragraph (b) of Section 6 of the Federal Trade Commission Act, 15 U.S.C.A. § 46 (b). Accordingly I find no lack of jurisdiction here as the action by the Administrator is properly brought.

The second ground of counsel's motion to dismiss on the ground that the subpoena duces tecum served on respondents was a nullity and without any warrant or authority of law poses a question which must be answered in the affirmative.

The facts in the instant case show that the subpoena was signed by Robert M. Anderson. Robert M. Anderson is an attorney in the Wage and Hour Division of the United States Department of Labor, attached to the Regional Office at Philadelphia. He was one of four persons designated as heretofore recited by Frank J. Dorsey, Regional Director at Philadelphia, to investigate, gather data, and question

the employees of the respondents pursuant to Section 11(a) of the Act, 11 U.S.C.A. § 211(a).

Section 4(c) of the Act provides as follows: "The principal office of the Administrator shall be in the District of Columbia, but he or his duly authorized representative may exercise any or all of his powers in any place". This section it seems to me gives very plainly to the Administrator the power of permitting an authorized representative of his to exercise any of the powers with which he is invested under the Act. I feel that by virtue of this section and taking into consideration the legislative history of the Act, that the Administrator has the authority to delegate his power to issue subpoenas. The bill as orginally reported to the Senate provided that the Administrative Board could delegate to its officers the power to issue subpoenas. The House then placed the administrative functions in the Secretary of Labor, who was given no authority to delegate this power. The bill finally went to a joint conference committee of both Senate and House which reported out a bill which became, without change, the Act. Neither Section 4(c) nor Section 9 of the present Act had appeared in any previous draft of the bill, until reported out in its final form by the conference committee, and it is apparent that the conference committee broadened the application of Sections 9 and 10 of the Federal Trade Commission Act and at the same time added Section 4(c). In conformity with this statement the Administrator has by order of April 27, 1940 authorized all Regional Directors or Acting Regional Directors to execute and issue subpoenas for the attendance of witnesses and production of books and records and it has been held that this delegation of the power to issue subpoenas by the Administrator to the various regional directors is a lawful one. Philip B. Fleming, Administrator of Wage and Hour Division, United States Dept. of Labor v. Lowell Sun Company, D.C., November 22, 1940, 36 F.Supp. 320; Fleming v. Arsenal Bldg. Corp. In the Matter the Petition of Max Wiesen, D.C.S.D.N.Y., 38 F.Supp. 675, Clancy, D.J. August 9, 1940. However, I cannot agree with the contention of the petitioner that this section envisioned the authority of the Regional Directors or Acting Regional Directors to redelegate this power to any one else or as in the instant case to an attorney in the employ of the Regional Director. While it was the evident intention of Congress in view of the multiple duties involved in the carrying out of the duties of the Administrator that he should have authority to delegate to a Regional Director the authority to sign subpoenas, yet the vast power inherent in the process of subpoenas must be closely guarded. The decision as to when a subpoena duces tecum should issue should be the judgment of a responsible official, and in every instance should receive his considered judgment; further that responsible official should extend to no one more subordinate than a Regional Director or Acting Regional Director who is immediately responsible to the Administrator. To permit this power of redelegation by the Regional Director or Acting Regional Director to some one less subordinate would be to permit a large number of minor officials to issue subpoena duces tecum, which would permit the opportunity of converting them into instruments of oppression. While it may be argued that Robert M. Anderson, the person who signed the subpoena and caused it to be issued, is a responsible attorney; that the documents called for in the subpoena are necessary and pertinent to the inquiry, yet it is the opportunity for the exercise of the power that is to be condemned, since in another instance if this redelegation of power by the Regional Director or Acting Regional Director is permitted may work oppression. Accordingly, it is held that the subpoena as issued is a nullity and the action dismissed and the order to show cause, issued as of August 13, 1940 is vacated.