FEDERAL TRADE COMMISSION,
Petitioner,

v.

SCIENTIFIC LIVING, Inc., a corporation, Defendant.

Civ. A. No. 5614.

United States District Court
M. D. Pennsylvania.

April 9, 1957.

tecum of the Commission duly authorized and served on the corporation in the course of an investigation, § 6(a), Id. § 46(a), instituted to ascertain whether or not the corporation was complying with a cease and desist order of the Commission made at the conclusion of a formal hearing under § 5(b) of the Act, Id. § 45(b) and rules and regulations adopted by virtue of authority granted by § 6(g), Id. § 46(g).

The corporation, its officers and counsel having repeatedly refused to answer pertinent questions or to provide access to relevant specified corporate documents for inspection and copying, the Commission issued and served upon the corporation a subpoena duces tecum directing it to appear at a fixed time and place in this district to testify and produce documentary evidence specified therein, before a duly designated representative of the Commission.[1]

A motion by defendant to quash the subpoena was denied by the Commission and defendant ordered to comply at a later hour on the return date. Defendant did not comply on the date in question or at any time thereafter.

 Defendant contends the motion to quash stayed the subpoena; that the Commission did not deny it until after the return day and that the order to appear later that day was of no binding effect, and, at all events, that the time fixed for the later appearance was unreasonable. There is nothing in the record to support defendant's contention. The evidence appears to be to the contrary. Defendant made no issue of the matter before the Commission or offered to appear at a more convenient time. On the contrary, it denied the Commission's right, authority or power to proceed. Defendant should have made reasonable efforts before the Commission to fix a more reasonable time. Cf. United States v. Morton Salt Co., 1950, 338 U.S. 632, at page 653, 70 S.Ct. 357, 94 L.Ed. 401.

---

Joseph J. Gercke, Washington, D. C., J. Julius Levy, U. S. Atty., Scranton, Pa., for petitioner.

Raymond Bialkowski, Scranton, Pa., Horace J. Donnelly, Jr., Washington, D. C., for defendant.

JOHN W. MURPHY, Chief Judge.

This is an application by the Federal Trade Commission, an administrative agency of the United States, pursuant to § 9 of the Federal Trade Commission Act of 1914, 15 U.S.C.A. §§ 41–46 and 47–58, see Id. § 49, for an order requiring Scientific Living, Inc., a Pennsylvania corporation, having its office and principal place of business in this district, to comply with a subpoena duces

---

1. Compliance Order FTC Docket No. 6099, Scientific Living Inc., Adolph Hohensee, Mildred J. Walsh, Viola Heinzerling, individually and as corporate officers, Investigation FTC File No. 0206099.

Administrative remedies must be exhausted. Goodyear Tire & Rubber Co., Inc., v. F. T. C., D.C.D.C.1950, 88 F.Supp. 789, 790, and cases cited; Perkins v. Endicott Johnson Corp., 2 Cir., 1942, 128 F.2d 208, at page 213, affirmed 1943, 317 U.S. 501, 63 S.Ct. 339, 87 L.Ed. 424; Hagen v. Porter, 9 Cir., 1946, 156 F.2d 362, at page 366; Miles Laboratories, Inc., v. F. T. C., 1944, 78 U.S.App.D.C. 326, 140 F.2d 683, at page 685.

■■■ Defendant moves to dismiss the application and to quash the order to show cause why an order to comply should not issue.

Jurisdiction arises once the circumstances fit into the provisions of § 9 and service is made upon the defendant within this district. A summary proceeding—making application through an authorized agent as provided by § 9, Pars. 1, 2 and 3—is the approved method. Oklahoma Press Pub. Co. v. Walling, 1946, 327 U.S. 186, at page 200, 66 S.Ct. 494, 90 L.Ed. 614, 166 A.L.R. 531; United States v. Morton Salt Co., supra, 338 U.S. 632, at pages 635, 640, 642, 70 S.Ct. 357; Cudahy Packing Co. v. Fleming, 8 Cir., 1941, 122 F.2d 1005, 1007; Fleming v. Easton Pub. Co., D.C.E.D. Pa.1941, 38 F.Supp. 677, 679. The Federal Rules of Civil Procedure, 28 U.S. C.A., are not applicable. Porter v. Mueller, 3 Cir., 1946, 156 F.2d 278, 279; Goodyear Tire and Rubber Co. v. N. L. R. B., 6 Cir., 1941, 122 F.2d 450, at page 451, 136 A.L.R. 883; Perkins v. Endicott Johnson Corp., supra, 128 F.2d at page 227; In re Wolrich, D.C.S.D.N.Y.1949, 84 F.Supp. 481–482; see and cf. Comment, Advisory Committee Rules 45 and 81, and see N. L. R. B. v. Kingston Trap Rock Co., 3 Cir., 1955, 222 F.2d 299, at page 302. There was no need to tender witness fees and mileage upon service of the subpoena. See and cf. 28 U.S.C.A. § 1825, § 1821; United States v. Durling,

D.C.Ill.1869, 25 Fed.Cas. page 944, No. 15,010; Norris v. Hassler, C.C.N.J.1885, 23 F. 581.[3]

Defendant urging failure to state a claim upon which relief can be granted challenges applicant's right to enforcement contending: (1) that the Commission had no authority to issue a subpoena in an investigation under § 6(a) and § 9, Pars. 1, 2, 3; a subpoena could only be used in connection with a formal hearing under § 5(b), and that § 1.35 of the Commission rules, 15 U.S.C.A. following section 45, providing for the issuance of a subpoena for such purposes is contrary to Arts. I and III of the United States Constitution; (2) that the subpoena was issued without notice or a showing of good cause; (3) did not show relevancy of the documents called for, and was nothing more than a "fishing expedition", citing F. T. C. v. American Tobacco Co., 1924, 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696, 32 A.L.R. 786, and therefore constituted an unreasonable search and seizure in violation of the Fourth Amendment to the Constitution of the United States; (4) was served upon a party not a witness, citing United States v. Minker, 1956, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185; (5) violates the due process clause of the Fifth Amendment and the requirements of the Administrative Procedure Act of 1946, as amended, 5 U.S.C.A. § 1001 et seq., because it was not returnable before a member of the Commission or a qualified examiner as required by § 9, or before one who was "unbiased" and "independent"; finally, that the time fixed for the return day was unreasonable because the corporation and its principal officer were scheduled to appear before the court the following day for sentence in a criminal action.

■■■ Section 9 specifically provides that the Commission or its duly author-

2. As to mandamus by the Attorney General, see § 9, Par. 4, Chamber of Commerce of Minneapolis v. F. T. C., 8 Cir., 1922, 280 F. 45, 48; Fleming v. Easton Pub. Co., supra, 38 F.Supp. 677; Fleming v. Lowell Sun Co., D.C.D.Mass.1940, 36 F.Supp. 320, at page 325, reversed on other grounds, 1 Cir., 1941, 120 F.2d 213, affirmed Holland v. Lowell Sun Co., 1942, 315 U.S. 784, 62 S.Ct. 793, 86 L.Ed. 1190, and see F.R.C.P. Rule 45.

ized agent shall have access to any documentary evidence of any corporation being *investigated or proceeded against* and that "* * * the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence *relating to any matter under investigation * * **." (Italics supplied.) Having such power the Commission could make rules under § 6(g), Id. § 46(g) regulating the procedure in connection therewith. See United States v. Morton Salt Co., supra, 338 U.S. at pages 647–651, 70 S.Ct. at pages 366–368. Without the subpoena the power of investigation would in effect be only that of inspection, exercised only upon consent. See Cudahy Packing Co., Ltd. v. Holland, 1942, 315 U.S. 357, at page 364, 62 S.Ct. 651, 86 L.Ed. 895. The intention of Congress is clear. The subpoena power is given in aid of investigations by the Commission. As such the subpoena is no more than a notice. Federal Power Comm. v. Metropolitan Edison Co., 1938, 304 U.S. 375, at page 386, 58 S.Ct. 963, 82 L.Ed. 1408; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, at page 49, 58 S.Ct. 459, 82 L.Ed. 638. See dissent Mr. Justice Douglas, Cudahy Packing Co., Ltd. v. Holland, supra, 315 U.S. at page 371, 62 S.Ct. at page 658. In case of disobedience the district court may be called upon to enforce the subpoena through its contempt powers. "No constitutional provision forbids Congress to do this. On the contrary, its authority would seem clearly to be comprehended in the 'necessary and proper' clause, as incidental to both its general legislative and its investigative powers." Oklahoma Press Pub. Co. v. Walling, supra, 327 U.S. at page 214, and see Id. at pages 198, 199–201, 66 S. Ct. at page 508, and 66 S.Ct. at pages 499–500, and see United States v. Morton Salt Co., supra, 338 U.S. at pages 635, 640, 642–643, 70 S.Ct. at pages 360, 362, 363–364; F. T. C. v. Smith, 1929, D.C. S.D.N.Y., 34 F.2d 323.

■ "Despite some indications to the contrary in earlier cases, it is now well settled that, without violating constitutional provisions bearing upon separation and delegation of powers or due process, an administrative agency may be given and may exercise the power to require the attendance of witnesses in proceedings of a purely investigatory nature." Note 27 A.L.R.2d 1208, citing many cases.[3] Porter v. Mueller, 3 Cir., 1946, 156 F.2d 278, at page 280, and see F. C. C. v. Pottsville Broadcasting Co., 1940, 309 U.S. 134, at pages 142–144, 60 S.Ct. 437, 84 L.Ed. 656.

There is no subpoena here such as that involved in F. T. C. v. American Tobacco Co., supra, 264 U.S. 298, 44 S.Ct. 336, 68 L.Ed. 696. The documentary evidence requested, see § 4, 15 U.S.C.A. § 44, related to the matter under investigation over a reasonable period within a field of inquiry covered by the Act. See N. L. R. B. v. Northern Trust Co., 7 Cir., 1945, 148 F.2d 24, at page 29; Cudahy Packing Co. v. Fleming, supra, 122 F.2d at page 1009; Perkins v. Endicott Johnson Corp., supra, 128 F.2d at page 211; Hagen v. Porter, supra, 156 F.2d at pages 364–365; United States v. Morton Salt Co., supra, 338 U.S. at pages 642, 649, 650, 70 S.Ct. at pages 363, 367; Oklahoma Press Pub. Co. v. Walling, supra, 327 U.S. 200–201, 209, 215–216, 66 S.Ct. 501, 505, 508–509.

■ Defendant was fully apprised and cognizant of the purpose, nature and scope of the investigation, of the demands made upon it and of the provisions of §§ 6, 9 and 10. While the Com⸱

---

**3.** For analogous situations see Securities Exchange Act of 1934, 15 U.S.C.A. § 78u (a, b); McMann v. Engel, D.C.N.Y.1936, 16 F.Supp. 446, affirmed McMann v. S. E. C., 2 Cir., 87 F.2d 377, 109 A.L.R. 1445; S. E. C. v. Vacuum Can Co., 7 Cir., 1946, 157 F.2d 530; Genecov v. Federal Petroleum Board, 5 Cir., 1945, 146 F.2d 596; Application of Barnes, 2 Cir., 1955, 219 F.2d 137, 143; Int.Rev.Code 1954, § 7602, 26 U.S.C.A.; Atomic Energy Act, 42 U.S.C.A. § 1812(a) (3), now 42 U.S.C.A. § 2201; Civil Aeronautics Act, 49 U.S.C.A. §§ 642, 644(b); Public Utility Holding Act, 15 U.S.C.A. § 79r.

mission resolution asserts reason to believe the corporation may have violated the cease and desist order, and that it was in the public interest to investigate the manner and form of compliance, a showing of probable cause preliminary to issuance of the subpoena was not required. United States v. Morton Salt Co., supra, 338 U.S. at pages 641–643, 70 S.Ct. at pages 363, 364; Oklahoma Press Pub. Co. v. Walling, 327 U.S. at page 209, 66 S.Ct. at page 505; N. L. R. B. v. Kingston Trap Rock Co., supra, 222 F.2d at pages 301, 302; Fleming v. Montgomery Ward & Co., 7 Cir., 1940, 114 F.2d 384, at pages 387–388.

■ Where relevant questions are asked in an authorized inquiry and a reasonable number of definitely described documents requested in a subpoena under § 9, it does not amount to an unreasonable search and seizure under the Fourth Amendment. Bowles v. Insel, 3 Cir., 1945, 148 F.2d 91; A. Guckenheimer & Bros. Co. v. United States, 3 Cir., 1925, 3 F.2d 786, at page 789; Hagen v. Porter, supra, 156 F.2d at page 366; Bowles v. Glick Bros. Lumber Co., 9 Cir., 1945, 146 F.2d 566, at pages 570–571; Wilson v. United States, 1911, 221 U.S. 361, at pages 380–382, 31 S.Ct. 538, 55 L.Ed. 771, Ann.Cas.1912D, 558; Oklahoma Press Pub. Co. v. Walling, 327 U.S. at pages 194, 195, 66 S.Ct. at page 498. Here it is really not a question of unreasonable search and seizure but a claim of immunity from the Act's provisions requiring it to submit its records for inspection "under every judicial safeguard * * * after an order of court made * * * in exact compliance with authority granted by Congress." Id., 327 U.S. 196, 66 S.Ct. 499.

■ As to private corporations, see Id., 327 U.S. at page 204, 66 S.Ct. at page 503, " * * * it long has been established that Congress may exercise wide investigative power over them * * * when their activities take place within or affect interstate commerce."

■ "The gist of the protection is in the requirement * * * that the disclosure sought shall not be unreasonable * * *." Id., 327 U.S. 208, 66 S.Ct. 505. Also see United States v. Morton Salt Co., supra, 338 U.S. at pages 651–653, 70 S.Ct. at pages 368–369; Porter v. Mueller, supra, 156 F.2d at pages 279, 280.

■ While a corporation is incapable of testifying except through its duly authorized officers and agents, McGarry v. S. E. C., 10 Cir., 1945, 147 F.2d 389, at pages 391, 392, there is no reason why a subpoena duces tecum may not be directed to the corporation itself. See Wilson v. United States, supra, 221 U.S. at page 374, 31 S.Ct. at page 541. A command to a corporation is in effect a command to those who are officially responsible for the conduct of its affairs. If they, apprised of the writ directed to the corporation, prevent compliance or fail to take appropriate action within their power for the performance of the corporate duty, they, no less than the corporation itself, are guilty of disobedience and may be punished for contempt. Wilson v. United States, supra, 221 U.S. at page 376, 31 S.Ct. at page 542.

■ The Fifth Amendment "gives no protection to corporations or their officers against the production of corporate records pursuant to lawful judicial order * * *." Oklahoma Press Pub. Co. v. Walling, supra, 327 U.S. at page 196, 66 S.Ct. at page 499. " * * * an officer of the company cannot refuse to produce its records in his possession, upon the plea that they either will incriminate him or may incriminate it." Id., 327 U.S. 205, 208, 66 S.Ct. 503; Porter v. Mueller, supra, 156 F.2d at page 280; A. Guckenheimer & Bros. Co. v. United States, supra, 3 F.2d at page 789; Genecov v. Federal Petroleum Board, 5 Cir., 1944, 146 F.2d 596, at pages 597–598; Wilson v. United States, supra, 221 U.S. at pages 379, 382, 31 S. Ct. at pages 543–545.

As to individual witnesses, § 9 offers immunity, see Lansky v. Savoretti, 5 Cir., 1955, 220 F.2d 906, at page 910; Sherwin v. United States, 1925, 268 U.S. 369, 45 S.Ct. 517, 69 L.Ed. 1001, not to

corporations, United States v. Frontier Asthma Co., D.C.W.D.N.Y.1947, 69 F. Supp. 994.

"When the Constitution requires a hearing, it requires a fair one, one before a tribunal which meets at least currently prevailing standards of impartiality." Wong Yang Sung v. McGrath, 1950, 339 U.S. 33, at page 50, 70 S.Ct. 445, at page 454, 94 L.Ed. 616.

The absence of merit in defendant's position as to lack of due process under the Fifth Amendment and the inapplicability of the Administrative Procedure Act of June 11, 1946, as amended, 5 U.S.C.A. § 1001 et seq., which " * * * created safeguards even narrower than the constitutional ones * * * ", United States v. Morton Salt Co., supra, 338 U.S. at page 644, 70 S.Ct. at page 364, is clear when they are placed in their proper context and upon an understanding of the distinction between an investigation and a hearing which might eventuate in an order. Edwards v. United States, 1941, 312 U.S. 473, at page 481, 61 S.Ct. 669, 85 L.Ed. 957; see F. C. C. v. Pottsville Broadcasting Co., supra, 309 U.S. at pages 143, 144, 60 S. Ct. at page 442.[4] " * * * The laws under which these agencies operate prescribe the fundamentals of fair play. They require that interested parties be afforded an opportunity for hearing and that judgment must express a reasoned conclusion." But see Id. as to the distinction between an investigation and a hearing, 309 U.S. at page 144, 60 S.Ct. at page 442. "Unless these vital differentiations between the functions * * * are observed, courts will stray outside their province and read the laws of Congress through the distorting lenses of inapplicable legal doctrine."

See Morgan v. United States, 1936, 298 U.S. 468, at pages 476, 480,

481, 56 S.Ct. 906, at pages 911, 912, 80 L.Ed. 1288, as to the constitutional requirements of due process, "The 'hearing' is the hearing of evidence and argument. If the one who determines the facts which underlies the order has not considered evidence or argument, it is manifest that the hearing has not been given * * *. The one who decides must hear * * *."

"This necessary rule does not preclude practicable administrative procedure in obtaining the aid of assistants * * *. Assistants may prosecute inquiries. Evidence may be taken by an examiner * * *." Id., 298 U.S. 481, 56 S.Ct. 912. " * * * to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them * * *." Id., 298 U.S. 481, 482, 56 S.Ct. 912. See Southern Garment Mfrs. Ass'n, Inc., v. Fleming, 1941, 74 App.D.C. 228, 122 F. 2d 622, at pages 626, 627.

As to the Administrative Procedure Act, cf. Tractor Training Service v. F. T. C., 9 Cir., 1955, 227 F.2d 420, where an investigation preceded a hearing. See Wong Yang Sung v. McGrath, supra, 339 U.S. at pages 36–45, particularly at page 44, 70 S.Ct. at pages 447–451, quoting from the Final Report of the Attorney General's Committee on Administrative Procedure, " * * * commingling of functions * * * should be avoided by appropriate internal division of labor * * *." While the minority favored an even more thorough separation, "The Act * * * adopts in general this recommended form of remedial action."

"The Administrative Procedure Act did not go so far as to require a complete separation of investigating and

4. In re S. E. C., D.C.S.D.N.Y.1936, 14 F. Supp. 417, affirmed 2 Cir., 1936, 84 F. 2d 316, reversed as moot, Bracken v. S. E. C., 299 U.S. 504, 57 S.Ct. 18, 81 L.Ed. 374; Bowles v. Baer, 7 Cir., 1944, 142 F.2d 787; Genecov v. Federal Petroleum Board, supra, 146 F.2d at page 597; Boehm v. United States, 8 Cir., 1941, 123 F.2d 791, at pages 801, 807; Woolley v. United States, 9 Cir., 1938, 97 F.2d 258, at page 262; S. E. C. v. Torr, D.C.S.D. N.Y.1936, 15 F.Supp. 144; cf. Brown v. Baer, D.C.N.D.Ill.1943, 54 F.Supp. 887, and see Annotations 85 L.Ed. 506 et seq.

prosecuting functions from adjudicating functions." Id., 339 U.S. 46, 70 S.Ct. 452. "The Administrative Procedure Act, § 5, establishes a number of formal requirements to be applicable. 'In every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing' * * *." Id., 339 U.S. 48, 70 S.Ct. 453. That requirement is not applicable to an investigation as to compliance with an order of the Commission. Cf. United States v. Morton Salt Co., supra, 338 U.S. at page 648, 70 S.Ct. at page 366.

Over the years the Federal Trade Commission has separated these functions and pursuant to § 6, Id. § 46, adopted rules of practice and procedure observing the requirements of the Administrative Procedure Act. See United States v. Morton Salt Co., supra, 338 U.S. at page 644, 70 S.Ct. 364. See Procedure and Rules of Practice for the Federal Trade Commission, published as revised on May 6, 1955, 20 F.R. 3055, effective May 21, 1955, and amended May 14, 1955, 20 F.R. 3303, effective May 21, 1955, Parts 1, 2 and 3 refer to Code of Federal Regulations, Title 16, Commercial Practices, Federal Trade Commission, 15 U.S.C.A. following § 45. Part I, General Procedures—Subpart D, Investigations, 1.31 to 1.42; Part 2, Rule Making Procedures, Subpart D, Rules of Practice and Procedure § 2.41; Part 3, Rules of Practice for Adjudicative Proceedings; Subparts A to G, as to hearings, see Subpart E at Id., 15 U.S.C.A.

In many respects the practice under the Federal Trade Commission Act was modeled after that of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., see F. T. C. v. Gratz, 1920, 253 U.S. 421, 40 S.Ct. 572, 64 L.Ed. 993, dissenting opinion by Mr. Justice Brandeis, 253 U.S. at page 430, 40 S.Ct. at page 575, citing cases. Section 20 of the latter Act, 49 U.S.C.A. § 20, Par. (10), provides, " * * * to carry out and give effect

to the provisions of this chapter, * * * the commission is authorized to employ special agents or examiners who shall have power to administer oaths, examine witnesses, and receive evidence."

Section 3 of the F. T. C. "* * * the commission may, by one or more of its members, or by such examiner as it may designate, prosecute any inquiry necessary to its duties * * *."

Section 5 was a novelty. See F. T. C. v. Gratz, supra, 253 U.S. at page 432, 40 S.Ct. at page 576. Section 9 provides that inquiries may be conducted by the commission or duly authorized agent and that members and examiners may administer oaths, examine witnesses and receive evidence. While the distinction between a hearing under § 5 and an investigation under § 6 and § 9 has been maintained over the years "examiner" has on occasion been used to describe the person conducting the § 5 proceeding, see e. g., California Lumbermen's Council v. F. T. C., 9 Cir., 1940, 115 F.2d 178, at page 183, but see Arrow-Hart & Hegeman Elec. Co. v. F. T. C., 2 Cir., 1933, 63 F.2d 108, at page 109.[5]

To remove any misunderstanding after passage of the Administrative Procedure Act, the commission changed its rules so that a person conducting an examination would be designated as representative rather than examiner. See and. cf. 15 U.S.C.A. following § 45, Rule 1, Sessions, " * * * or by such examiners * * *" with § 1.8 "* * * or by such representatives as it may designate * * *" In the 1951 rules, supra, 3(b), investigational hearings are to be held before a "duly designated representative". Similarly in the rules adopted in 1955, supra, § 1.32, § 1.34(b), § 1.35.

The construction of this chapter presents a unique problem in which words derive vitality from the aim and nature of specific legislation. F. T. C. v. Bunte Bros., Inc., 1941, 312 U.S. 349, 61 S.Ct.

---

5. The Trial Examiner's report is a part of the record on appeal. See Minneapolis-Honeywell Regulators Co. v. F. T. C., 7 Cir., 1951, 191 F.2d 786, and the rules of Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 476, 71 S.Ct. 456, 95 L.Ed. 456.

580, 85 L.Ed. 881. In view of the long practice under the Act, see E. Griffiths Hughes, Inc., v .F. T. C., 1933, 61 App.D. C. 386, 63 F.2d 362, 363; United States v. Public Utility Comm. of Cal., 1953, 345 U.S. 295, 73 S.Ct. 706, 97 L.Ed. 1020; Sterrett v. United States, 9 Cir., 1954, 216 F.2d 659, and a study of the statute itself, see F. T. C. v. Smith, D.C.S.D. N.Y.1929, 34 F.2d 323, at page 325, we find the subpoena properly returnable before a duly designated representative.

While a proceeding must be before one who is unbiased and independent, see N. L. R. B. v. National Paper Co., 5 Cir., 1954, 216 F.2d 859, at page 868, there is nothing here to indicate any such situation. Cf. United States ex rel. De Luca v. O'Rourke, 8 Cir., 1954, 213 F.2d 759, at page 763.

We find no merit in defendant's claim of unreasonableness because the subpoena was returnable the day before the corporation and its principal officer were to appear in the District Court for sentence in a criminal proceeding. See and cf. N. L. R. B. v. Kingston Trap Rock Co., supra, 222 F.2d at page 302; F. T. C. v. Cement Institute, 1948, 333 U.S. 683, at pages 692–695, 68 S.Ct. 793, 92 L.Ed. 1010. The documents could be produced by another agent, officer or representative.

There is a similar lack of merit in the claim that the subpoena was invalid because it was addressed to a party not to a witness, citing United States v. Minker, 1956, 350 U.S. 179, 76 S.Ct. 281, 100 L.Ed. 185, an investigation which was in effect a final step toward possible denaturalization, a proceeding calling for strict construction and in which the government carries a heavy burden. By contrast the present statute is aimed at requiring production of corporate records. The district court is authorized to require the "corporation or other person" to comply. As we have pointed out, supra, the corporation was amenable to

service. It could only appear through agents or witnesses. Comparing the comparable powers of subpoena, see United States v. Minker, 3 Cir., 1955, 217 F. 2d 350, at page 351, we find no analogy between the two situations.[6]

In view of the foregoing, we have no alternative, see Bowles v. Baer, supra, 142 F.2d at page 789, but to order compliance.

Commission, but never filed, in another proceeding.

---

6. There is no merit in defendant's claim to a copy of an unpublished dissent, said to have been written by a member of the