## Cooney v. Greevy

*William T. Cooney*, p.p.

*Malcolm Muir* and *John C. Youngman*, for defendants.

WILLIAMS, P. J., April 6, 1962.—Judge Charles F. Greevy, additional judge of the Twenty Ninth Judicial District of Pennsylvania, has been sued by William T. Cooney, of Jersey Shore, to the above term and number. At the same time, Markin R. Knight, Esq., and George M. Hess, Jr., Esq., former district attorneys of Lycoming County, Marian I. Cooney, former wife of plaintiff, and Patrick H. Fierro, Esq., and W. Dorland Rouse, Esq., were sued to the above term and number. This opinion and order has only to do with the suit against Judge Greevy.

In the suit to the above term and number plaintiff alleges that in a desertion and nonsupport action against him, his wife committed perjury, caused him financial loss, and allowed him to become the object of ridicule and to undergo unlawful imprisonment. Plaintiff alleges that Judge Greevy culpably ignored the fact

that a criminal act had been committed and ordered plaintiff to pay sums to his wife and did wrongfully and illegally have him imprisoned in 1954.

In suits to no. 1035 May term, 1961, and to no. 252 November term, 1961, plaintiff complained against Judge Greevy in like manner. In these three actions, defendant has filed like preliminary objections. One of the objections moves for a more specific complaint. The only other one demurs to the complaint and alleges that all of the acts complained of were judicial acts performed by defendant in his capacity as a judge of the court of general jurisdiction, and that defendant is immune from civil liabilities because the acts were judicial acts.

Judge Greevy had jurisdiction of the subject matter and therefore he is exempt from suits such as this.

A judge is exempt from civil suit for his judicial acts when there is jurisdiction of the subject matter, even though irregularity and error attend the exercise of the jurisdiction, and even though allegations of malicious or corrupt motives are made (there is nothing in these cases to show that Judge Greevy's motives were anything but the best). Allegations of malicious or corrupt motives can always be made against a judge because of his judicial orders. If suits were allowed a judge would be subjected to vexatious litigation, whether motives had or had not any real existence, which in itself would break down the judicial system.

For malice or corruption in their actions whilst exercising their judicial discretion within the general scope of their jurisdiction, judges in the common pleas court can only be reached by public prosecution in the form of impeachment, or in such other form as may be specially prescribed: Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646 (U. S. Supreme Court 1871); United States to Use of Kinney v. Bell, 135 Fed. 336 (3d Cir. 1905); Hohensee v. Goon Squad, 171 F. Supp. 562

(M. D. Pa. 1959); Ginsburg v. Stern, 125 F. Supp. 596, 225 F. 2d 245, 242 F. 2d 379; Allen v. Biggs, 62 F. Supp. 229 (E. D. Pa. 1945).

It is true the complaint is not sufficient. Because of our ruling as to judicial decrees, it is useless to comment as to the complaint.

### Order Sustaining Demurrer

And now, April 6, 1962, preliminary objections are sustained, the action against Charles F. Greevy is dismissed and judgment is entered in favor of Charles F. Greevy, costs on plaintiff. It is further ordered that the prothonotary of Lycoming County send a certified copy of this opinion and judgment by registered mail to William T. Cooney.